EBENEZER JORDAN *vs.* ANDREW J. STAPLES & another.

The plaintiff leased a certain farm for the term of one year, the lessee to pay therefor " one-half of all the proceeds raised or grown thereon, and to cut and put into the barn all the hay." The lessor was to furnish all the grass-seed, " to have the right to cut off the stock on said farm, during the winter, to amount of hay that the place may furnish for their keeping, to furnish all the

Jordan *v.* Staples.

hay if any is wanting to keep out the stock, and if any hay is left, the lessor to have the same." *Held*, that the hay was not included in the "proceeds," and that the lessee had no property in the hay.

Where, by the terms of the lease, the lessor retained a right of occupation of the barn, for the storage of hay and other chattels, he may maintain trespass *quare clausum* against a stranger for entering and carrying away the hay.

On report.

Trespass *quare clausum*, wherein the plaintiff alleges that the defendants broke and entered his close, and took and carried away eleven tons of hay, owned and possessed by him.

The fee of the premises was admitted to be in the plaintiff.

The quantity of hay taken was admitted to be 17,396 pounds. The defendants claimed the hay as the vendees of one Isaac Harmon, who carried on the farm on which the hay was cut, under a written lease from the plaintiff, the material parts of which are of the following tenor:

" That the said Ebenezer Jordan doth lease unto the said Isaac Harmon all that farm lately occupied by Ezekiel C. Downs, to hold for the term of one year, yielding and paying therefor one-half of all the proceeds raised or grown upon said farm, to be delivered unto the said Jordan's dwelling at the time of harvesting.

" The parties agree to furnish, respectively, each one-half of the salt to salt the butter and stock; said Harmon agrees to cut and put into the barns all the hay in seasonable time and good order; the parties agree to furnish, each respectively, one-half of all seed on said farm, grass-seed excepted, which is to be furnished by said Jordan.

" Said Jordan is to have the right to cut off the stock on said farm, during the winter, to amount of hay that the place may furnish for their keeping, and also agrees to furnish all the hay, if any is wanting to keep out the stock, and if any hay is left, said Jordan is to have the same.

" And said Harmon agrees that the said Jordan may, at all reasonable times, enter said premises for the purpose of viewing and making improvements, and nothing in this lease shall be construed

as to bar said Jordan of his occupation of the premises attached to the same as heretofore occupied by him under a former lease to Ezekiel C. Downs."

After the evidence was all in, the case was withdrawn from the jury and reported to the full court, who were to render such judgment as the legal rights of the parties required.

All the remaining essential facts appear in the opinion.

*W. P. Frye & J. B. Cotton*, for the plaintiffs.

*C. Record*, for the defendants, cited *Bailey* v. *Fillebrown*, 9 Maine, 12, 137; *Turner* v. *Bachelder*, 17 Maine, 257, and cases *infra*; *Sherburne* v. *Jones*, 20 Maine, 70, and cases there cited; *Garland* v. *Hilborn*, 23 Maine, 442; *Miller* v. *Fulton*, 4 Ohio, 434; *Wait, appellant*, 7 Pick. 100; *Lienow* v. *Ritchie*, 8 Pick. 235 and note 2; *Eames* v. *Prentice*, 8 Cush. 337; *Ropps* v. *Barker*, 4 Pick. 238; *Bishop* v. *Barker*, 19 Pick. 517; *Sawyer* v. *Goodwin*, 34 Maine Rep. 419; *Sampson* v. *Coy*, 15 Mass. Rep. 493.

DICKERSON, J. TRESPASS for breaking and entering plaintiff's close, and carrying away his hay.

The title to the premises was in the plaintiff who had leased them to one Isaac Harmon before the alleged trespass was committed. Harmon sold the hay to the defendants.

By the terms of the lease of the premises, the lessee was "to yield and pay therefor one-half of all the proceeds raised or grown upon said farm, to be delivered unto the lessor's dwelling-house at the time of harvesting." Subsequent provisions of the lease, however, render it clear that the parties did not intend to include the hay in "the proceeds" named in the lease. These required the lessee "to cut and put into [the barns all the hay," authorized the lessor to reduce the stock on the farm, during the winter, to the amount of the hay that the place might furnish for their keeping, bound him to furnish all the hay, if any should be needed to keep out the stock in the spring, and entitled him to the hay left on the place at the expiration of the lease. The lessor agreed to furnish

Jordan *v.* Staples.

stock for the place, under the stipulation, that the hay cut thereon should be fed out to such stock. In respect to the hay, the lessee was simply the servant of the lessor, and had no title to it whatever. The case is clearly distinguishable from the common one of " letting a farm on shares," as it is termed, where the property in the crops is in the lessee until they are divided.

The lessor reserved the right of occupying the premises attached to the property leased, as he had before done under a lease to one Downs. It appears from the testimony, that, pending that lease, the lessor was in possession of the barn where the hay in controversy was put, and that he held such possession under the lease to Harmon. The plaintiff was thus the owner, and in possession of the hay.

The declaration in the writ sets forth in one count that the defendants " broke and entered the plaintiff's close, and took and carried away his hay," &c. The counsel for the defendants argues that this is not a sufficient count in trespass *de bonis asportatis* to entitle the plaintiff to maintain this action. The cases cited by the learned counsel render it clear that such a declaration cannot be supported by simply proving a trespass in taking and carrying away the goods, though it would be good upon the further proof of a breach of the close. In the case at bar such proof is furnished. The plaintiff testifies that the defendants took the hay from the barn, and hauled it away ; that they cut it down with a hay-cutter ; that he forbade them ; . . . that " they told him he had forbidden them enough ; they had bought the hay, and were able to pay for it, if they had not bought it of the right man."

There is some conflict of testimony as to the quantity and value of the hay ; but we think the plaintiff is entitled to recover one hundred and twenty-five dollars, and that judgment should be rendered in his favor for that amount.

APPLETON, C. J.; WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.