Merriman and others, Respondents, vs. McCormick Harvesting Machine Company and another, Appellants.

*September 26 — October 17, 1893.*

(1) *Practice: Order made at chambers.* (2) *Trespass* quare clausum: *Pleading.*

1. Upon a rule to show cause before the judge at chambers an order was made, signed by the judge under the formula " By the Court." In a subsequent rule to show cause why that order should not be set aside, it was referred to as an order made by the judge. Upon an appeal from an order denying the latter motion, the first order is treated as one made by the judge at chambers.

2. A complaint alleging that defendants broke and entered plaintiffs' close and entered their shops, etc., and took and carried away and converted to their own use certain described chattels, the property of plaintiffs, whereby plaintiffs suffered great damage in the loss of

said property and in the interruption to their business carried on in said shops, etc., and were injured in their business standing and credit, and were damaged in all of the foregoing in the sum of $2,000,— is *held* to state but one cause of action; for a trespass *quare clausum fregit*, and to be sufficiently definite and certain.

APPEAL from the Circuit Court for *Jefferson* County.

Action for trespass *quare clausum*. The facts are stated in the opinion. The appeal is from an order denying a motion that the plaintiffs be required to make the complaint more definite and certain.

For the appellants there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

For the respondents there was a brief by *L. B. Caswell* and *W. H. Rogers*, and oral argument by *Mr. Caswell*. To the point that the complaint states but one cause of action, they cited, besides cases cited in the opinion, 2 Greenl. Ev. secs. 268, 635a; 2 Chit. Pl. 863–4, 866; McCall's Forms, 249, 278; *Root v. Foster*, 9 How. Pr. 37; *Johnson v. Smith*, 8 Johns. 383; *Grafton v. Carmichael*, 48 Wis. 660; *Raymond v. Sturges*, 23 Conn. 146.

ORTON, J. On the 6th day of April, 1893, there was granted a rule to show cause, in effect, why the complaint should not be made more definite and certain as to the purpose of the several causes of action stated therein, and why they should not be stated in separate counts, to be heard "before the Honorable JOHN R. BENNETT, presiding judge of said court, *at his chambers in the city of Janesville, in the county of Rock*, on the 13th day of April, 1893, at 10 o'clock in the forenoon." This rule was signed as follows: "By the Court, JOHN R. BENNETT, Circuit Judge of the Circuit Court of Jefferson County." On said 13th day of April there was an order denying said motion, signed: "By the Court, JOHN R. BENNETT, Circuit Judge." On the 15th day of April, 1893, there was granted another

Merriman and others vs. McCormick Harvesting M. Co. and another.

rule to show cause, based upon the papers and proceedings, "*and upon, the order made by Honorable* JOHN R. BENNETT, *judge of said court, on the 13th day of April, 1893, denying the motion,*" etc., why said order should not be set aside, vacated, and reversed, and why the complaint should not be made more definite and certain in the same respects as in the former rule to show cause. This rule was to be heard before the court at special term, to be holden at the courthouse in the city of Janesville on the fourth Monday of April, 1893, and the order denying the same is dated April 24, 1893. This appeal is from this last order.

The first question argued by the counsel on both sides is one of practice,— whether the first order was a court order or by the judge at chambers. If it was an order by the court, not having been appealed from, it was *res adjudicata*, and the last rule to show cause ought not to have been entertained but should have been dismissed by the court; and the order thereon is not appealable so as to disturb or affect the first order, which was final on the same subject matter. It is contended by the learned counsel of the respondents that the defendants, having lost their right of appeal from the first order, could not restore or revive that right in effect by the last order to show cause why the first order should not be set aside, vacated, and reversed, and by the order denying the same, and by appealing therefrom. As we view the subject matter of both rules to show cause as to whether the complaint ought not to be made more definite and certain, this question appears to be immaterial, for we are of the opinion that both orders are substantially correct, and that the complaint is sufficiently definite and certain in the respects named. The only difference is between dismissing the last rule to show cause or entering an order denying the motion. The result is substantially the same. And so it is whether this appeal ought to be dismissed or the order affirmed. The first order we are dis-

posed to treat as one made by the judge at chambers. The rule to show cause was to be heard "before the judge at *chambers*," and in the last rule to show cause why that order should not be set aside and vacated it is called an order made "by the *judge* of said court." By an apparent mistake the order is signed by the judge under the formula, "By the Court," and the clerk, probably by reason of this signing, made the same mistake in his certificate. The motion may have been heard before the judge at chambers during a term of the court, and hence the mistake. This case is materially different from that of *Hlawacek v. Bohman*, 51 Wis. 92. In that case there was nothing in the notice of the motion to indicate that it was to be heard before the judge at chambers, and the order was by the court. The last rule to show cause was, therefore, proper, in order to make the matter appealable to this court.

The order appealed from, as well as the first order at chambers, was clearly correct. The complaint does not appear to be liable to the objections named in the rule. It was sufficiently definite and certain as to the purpose of the several causes of action, and they need not be stated in separate counts.

The complaint states that the defendants broke and entered the plaintiffs' close, entered their shops, warerooms, yards, and premises, and took and carried away and converted to their own use one binder and harvester, one mower, seven pieces of canvas, a lot of gray irons, a large quantity of repairs, and various other articles, pieces of machinery, goods, wares, and merchandise, the goods and property of the plaintiffs, of various values, whereby the plaintiffs suffered great damage in the loss of said property and in the interruption to their business carried on in said shops, warerooms, and yard, and they were injured in their business standing and credit, and were damaged in all of the foregoing in the sum of $2,000. The learned counsel of the

appellants contend that there are three several and distinct causes of action: (1) Trespass *quare clausum;* (2) trover and conversion; (3) injury to business and credit; and that they should be stated in separate counts. This form of the complaint in such a case has been sanctioned by the common-law practice of a great many years in England and in this country as the approved form of pleading. There is but one cause of action, and that is trespass *quare clausum fregit,* and the other continuous acts of the defendants are stated as the consequential damages arising therefrom and connected therewith. In the latest case in this court upon the question, *Sayles v. Bemis,* 57 Wis. 316, the complaint was that the defendant with force and arms broke and entered the plaintiff's premises, and tore down the fence, and the plaintiff's cow got out and strayed from the premises and was drowned, and by reason of these acts of the defendant the plaintiff was damaged $64. It was held that there was but one action, and that of trespass *quare clausum,* and that the other statements were for the consequential damages arising therefrom; and that, if these damages were not proved, the plaintiff would be entitled to recover nominal damages for the breaking and entering.

The approved forms in Chitty's Pleading (2 Chit. Pl. 616) are as follows: *"Broke and entered"* and " injured fences and gates, cut down trees, and dug holes," and " took and carried away plaintiff's corn, and converted the same to his own use," and " seized and took plaintiff's goods, iron, hops, household furniture, etc., and converted the same to his own use." These forms are under the heading of " Trespass to Lands," and these allegations are for the consequential damages arising therefrom. It will be noticed that the complaint here is nearly in the exact form of the above. See, also, McCall's Forms, 248; 1 Abb. Forms, 471; 1 Chit. Pl. 395 *et seq.;* 2 Greenl. Ev. § 273, and note; *Johnson v. Gorham,* 38 Conn. 519; *Jordan v. Staples,* 57 Me. 352;

*Belden v. Granniss,* 27 Conn. 513; *White v. Moseley,* 8 Pick.
356; and other references in plaintiffs' brief.

*By the Court.*— The order of the circuit court is affirmed,
and the cause remanded for further proceedings according
to law.