A. J. STRAUS PAYING AGENCY, INC., and another, Respondents, vs. CASWELL BUILDING COMPANY and another, Defendants: HAYES, Appellant.

*January 14—April 12, 1938.*

For the appellant there were briefs by *Rouiller, Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold.*

*Harvey C. Hartwig* of Milwaukee, for the respondents.

The following opinion was filed February 15, 1938:

FRITZ, J.    Upon this appeal the only contentions of the appellant, Hayes, are that the order denying his application

to be made a party is appealable under sec. 274.33 (2), Stats., as a final order affecting a substantial right made in a special proceeding; and that the trial court erred in denying Hayes' motion to intervene as a party because sec. 260.19, Stats., makes it mandatory for the court to permit intervention if the petitioner has such an interest in the subject matter of the controversy as requires him to be made a party for his own protection; and that Hayes has such an interest in the subject matter. The respondents contend that the appeal must be dismissed because the order denying Hayes' application is not an appealable order for several reasons, the first of which is that by its very terms it is not a final order, since it recites that the denial is made "without prejudice," etc. As that reason is sound under the peculiar circumstances herein and requires the dismissal of the appeal, it suffices to confine this opinion to that ground, and note the following facts involved in passing thereon.

Hayes' petition was filed in February, 1937, in an action of foreclosure brought by the plaintiffs as trustees for the holders of bonds secured by a mortgage. Hayes is a bondholder. Judgment of foreclosure was entered on February 28, 1935. On October 30, 1936, after a hearing pursuant to an order to show cause served on all bondholders by registered mail, the court entered an order fixing November 30, 1936, as the date of the foreclosure sale; directing the trustees to bid $150,000 and more, if they might deem it advisable, and credit the purchase price against the judgment; and also directing that if they became the purchasers they should execute a declaration stating that they hold the property in trust for the bondholders. The trustees bid in the property at $150,000 at the sale on November 30, 1936. On February 4, 1937, they executed a declaration of trust, and on their application an order was issued to show cause on February 18, 1937, why the sale and the declaration of trust should not be confirmed; the trust determined to be an active

trust; the compensation to plaintiffs as trustees and of their attorney fixed; and a judgment for deficiency waived. That order was likewise to be served by registered mail on all bondholders. Thereupon Hayes filed the petition in question with a prayer that he be permitted to intervene in this action, and also have certain other relief. On the hearing on February 19, 1937, pursuant to the order to show cause, the court, after hearing counsel who appeared for Hayes and the plaintiffs in relation to the matters stated in that order and in Hayes' petition, rendered a decision pursuant to which the order under review was entered on March 3, 1937. That order confirmed the foreclosure sale; established the trust under the declaration of trust and took jurisdiction over the administration thereof; continued the matter of fixing the compensation of the trustees and their attorney for services rendered; and further ordered that the petition of Hayes "for intervention hereby is denied without prejudice, however, to any right that he has or may have to file [a] petition herein hereafter for intervention or for such other relief as he may be entitled to." And in a "Memorandum" filed in relation to that order, the court said,—

"It is plain that such a petition should not be considered upon a motion to confirm a sale, especially when nothing is presented which impugns the propriety of the conduct of the sale and the fairness of the sale price. . . . It is not appropriate at this time to try out the issues presented by the petition for intervention, the right to intervene being contested by the plaintiffs. Such petition may be filed hereafter, if desired, and after answer thereto will be passed on by the court. . . . The petition of Melvin J. Hayes must be denied without prejudice to the right of said petitioner to hereafter file a petition for intervention seeking whatever relief he may deem himself properly entitled to."

Meanwhile on March 2, 1937, Hayes served and filed another petition repeating the facts stated in his first petition, and alleging additional facts as grounds for a prayer to be

granted leave to intervene in the action and also other relief. Prior to serving his notice of this appeal, Hayes and the trustees appeared in court upon his motion to set a date for a hearing on his second petition; and upon a stipulation made at that hearing, the court signed an order on April 7, 1937, that the trustees answer Hayes' petition by April 13, 1937, and that the setting of a date for the hearing on the petition be continued to April 17th.

In view of the express statements in the court's order of March 3, 1937, and its memorandum opinion that Hayes' petition for intervention "is denied without prejudice, however, to any right that he has or may have to file [a] petition herein hereafter for intervention or for such other relief as he may be entitled to," and the subsequent proceedings in relation to Hayes' second petition for intervention, that order was obviously not such a "final order" as to be appealable under sec. 274.33 (2), Stats., authorizing an appeal from "a final order affecting a substantial right made in special proceedings. . . ." In stating what constitutes a "final order," as that term is used in that statute, the court said in *Ledebuhr v. Grand Grove of Wisconsin of the Order of Druids,* 97 Wis. 341, 342, 72 N. W. 884,—

"No doubt, its effect upon the rights of the parties is the test whether it is a final order. . . . If it closes the matter and precludes further hearing and investigation, it is final; and generally an order is not final which does not completely dispose of the subject matter and the rights of the parties, and so determine the action as to prevent a judgment."

Likewise in *Kingston v. Kingston,* 124 Wis. 263–265, 102 N. W. 577, the court, after stating that,—

"A final order in a special proceeding, within the meaning of this statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein,"—

held that the order then under review was not final because,—

"It . . . leaves for investigation and for determination by some subsequent order all of the merits presented by the application. It is clearly intermediate, and not final. Hence we must conclude that it is not within the description of those orders which are rendered appealable by the above-cited section of the statutes."

Likewise in the case at bar, the order denying intervention is not final because it does not completely or finally dispose of the question as to Hayes' right to intervene, or conclude or end the controversy in respect thereto, and thus preclude any further steps therein. On the contrary the court expressly left that question and all of the merits presented by Hayes' application for intervention open for future proceedings and determination by a subsequent order in the action. It follows that the appeal must be dismissed.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on April 12, 1938.