STATE, Respondent, vs. KUICK, Appellant.

*January 16—February 17, 1948.*

*Samuel Sigman* of Appleton, for the appellant.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

WICKHEM, J.    Defendant was tried to the court and a jury in the municipal court of Outagamie county on the charge of

armed robbery and was found guilty. On February 28, 1947, she was sentenced to serve a term of three years at Wisconsin home for women at Taycheedah. A ten-day stay was granted defendant to enable her to determine the advisability of an appeal. An attorney had been appointed by the court to represent defendant because of her indigency but the order did not provide for authority to prosecute an appeal. On June 2, 1947, defendant's attorney received an appointment from this court to represent defendant upon appeal. Defendant thereupon served notice of appeal pursuant to sec. 358.13, Stats., and prepared and returned the record to this court. After the record, including testimony and exhibits, had been sent here defendant's counsel discovered that he had omitted to settle a bill of exceptions. He thereupon applied to this court for an order remanding the record to the lower court in order that a bill of exceptions could be settled. On November 10, 1947, this court entered an order so remanding the record. The matter came before Judge SCHMIEGE and on December 15, 1947, he signed a written memorandum which in terms denied defendant an extension of time to appeal and held that the statutory time for an appeal in criminal cases is ninety days. The writing purports to be an order of the court. It is obvious, of course, that unless there is a clerical error by which "time to appeal" was inadvertently inserted for "settle bill of exceptions" it is not responsive to the application of defendant to have a bill of exceptions settled. Defendant has so treated this order and this is the only relief that defendant wants or in which she has any interest. Since the order was a response to an application to settle a bill we shall assume that defendant has correctly construed it.

The order is not appealable. Sec. 270.43, Stats., provides that the bill of exceptions shall be settled by the judge. Sec. 274.33 plainly specifies that only orders of a court are appealable.

It has always been the rule in this state that an order made at chambers is not appealable. *Starkweather v. Hawes,* 10

Wis. \*125.; *Moore v. Cord,* 13 Wis. \*413; *Wolcott v. Wolcott,* 32 Wis. 63; *Hubbell v. McCourt,* 44 Wis. 584; *Whereatt v. Ellis,* 68 Wis. 61, 30 N. W. 520, 31 N. W. 762; *Jacobs v. Beebe,* 95 Wis. 389, 70 N. W. 468. This is recognized by sub. (4) of sec. 274.33, Stats., which is to the effect that orders made by the court vacating or refusing to set aside orders made at chambers are appealable where an appeal might have been taken had the order made at chambers been made by the court in the first instance. This subsection, however, is not applicable here. A bill of exceptions is settled by the judge and not by the court and a refusal to settle a bill cannot be made appealable by moving the court to vacate it. The proper remedy where there is refusal by the judge to settle a bill of exceptions is *mandamus. State ex rel. Spaulding v. Gale,* 7 Wis. \*693.

*By the Court.*—Appeal dismissed.