WILLING and another, Appellants, vs. PORTER, Respondent.

*March 4—April 6, 1954.*

For the appellants there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondent there was a brief by *Roscoe Grimm* and *Dougherty, Ryan, Moss & Wickhem,* and oral argument by *Glen R. Campbell,* all of Janesville.

FAIRCHILD, C. J.   When, in an application to be relieved of a default, there is a showing of excusable neglect and the showing of a meritorious defense to the entry of a judgment, the trial court may refuse to enter a default judgment and may grant a defendant an opportunity to plead.   The

terms of sec. 270.62 (1), (2), Stats., providing that " a default judgment *may* be entered" and "the plaintiff *may* apply to the court for judgment" do not mean that the court is *required* to enter a default judgment. The word "may" is not mandatory. This follows from sec. 269.46 (1) which provides that:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, . . . against him obtained, through his mistake, inadvertence, surprise, or excusable neglect and may supply an omission in any proceeding."

As respondent points out, it would be useless waste if "in such a situation, the court was compelled to enter the default judgment and then to immediately entertain a motion to set it aside on the very same grounds which are urged for his refusing to enter it in the first place."

As stated in *Whereatt v. Ellis,* 70 Wis. 207, 215, 35 N. W. 314,

"The duty of the trial court, sitting as a court of conscience, in such matters, is, as above indicated, 'to do or secure substantial justice' between the parties, under all the circumstances. To do that, where a defendant is in default, having a good and conscionable defense, thus excused and presented, is to give him a trial or hearing upon the merits, upon such terms and conditions as to do no injustice to the opposite party."

In the instant case, no complaint was served with the summons. Respondent claimed to have been misled by the fact that plaintiffs continued to work for him on his poultry farm for several months before they served the complaint. Respondent, after service, immediately consulted his attorney and was informed that he had a good defense on the merits to the action. These matters were presented below, and the trial

court properly exercised its discretion in allowing the respondent to answer.

Respondent, on February 5, 1954, moved the dismissal of the appeal on the grounds that the order is not an appealable order. The statute governing appealable orders is sec. 274.33, Stats., which reads, in part:

"The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

It has long been the rule that there is no appeal to the supreme court except as permitted by statute, *McKey v. Egeland,* 222 Wis. 490, 269 N. W. 245; *In re Brand,* 251 Wis. 531, 30 N. W. (2d) 238. The order, to be appealable, must be a final determination preventing a judgment from which an appeal might be taken. The test is clearly stated in *Ledebuhr v. Grand Grove of Wisconsin,* 97 Wis. 341, 342, 72 N. W. 884, where it is said:

"No doubt, its effect upon the rights of the parties is the test whether it is a final order. . . . If it closes the matter and precludes further hearing and investigation, it is final; and generally an order is not final which does not completely dispose of the subject matter and the rights of the parties, and so determine the action as to prevent a judgment."

The order in the present action did not determine the controversy. Clearly, the order contemplates further proceedings and does not conclude the action. The case will proceed with the respondent being permitted to file an answer.

The order not being a final order, the supreme court acquires no jurisdiction and can only dismiss the appeal.

*By the Court.*—Appeal dismissed.