HERMAN ANDRAE ELECTRICAL COMPANY, Respondent, v. PACKARD PLAZA, INC., and another, Appellants.

*February 5—March 6, 1962.*

46

For the appellants there was a brief by *Charles L. Goldberg* and *Francis X. Krembs,* both of Milwaukee, and oral argument by *Mr. Krembs.*

For the respondent there was a brief by *Puls & Puls* of Milwaukee, and oral argument by *C. Morse Puls.*

Currie, J. We are satisfied that the order appealed from does not fall within any of the categories of appealable orders set forth in sec. 274.33, Stats.[1] This requires that the appeal be dismissed.

---

[1] This statute provides:

"Appealable orders. The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"(2) A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies, or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy, or proceedings, or made upon a summary application in an action after judgment.

"(3) When an order grants, refuses, continues, or modifies a provisional remedy or grants, refuses, modifies, or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial, or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under sec. 262.19, determines an issue submitted under sec. 263.225, or denies an application for summary judgment, but no order of the

The instant order clearly is not embraced within those orders made appealable by subs. (1), (3), and (4) of the statute. Even if a reference proceeding is considered a special proceeding, this order would not be appealable under sub. (2) of the statute because it is not a "final order" within the meaning of that subsection. This court has stated that the test to determine whether an order is a "final order" is its effect on the rights of the parties. If an order closes the matter and precludes further hearing and investigation it is final; but an order which does not completely dispose of the subject matter and settle the rights of the parties is not final. *Willing v. Porter* (1954), 266 Wis. 428, 63 N. W. (2d) 729; *A. J. Straus Paying Agency v. Caswell Building Co.* (1938), 227 Wis. 353, 277 N. W. 648.

Defendant Packard's counsel, when interrogated on argument about the appealability of the order, placed reliance upon sec. 270.35, Stats. This statute specifies the action which the trial court is empowered to take, upon filing of the referees' report, in these words: ". . . the court may review such report and on motion enter judgment thereon or set aside, alter, or modify the same and enter judgment upon the same so altered or modified, and may require the referees to amend their report when necessary." The only provision of this statute relating to appeal reads: "The judgment so entered by the court may be appealed from to the appellate court in like manner as from judgments in other

circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies, or dissolves a provisional remedy or injunction.

"(4) Orders made by the court vacating or refusing to set aside orders made at chambers, where an appeal might have been taken in case the order so made at chambers had been made by the court in the first instance. For the purpose of appealing from an order either party may require the order to be entered by the clerk of record."

cases, and the report of the referees may be incorporated with the bill of exceptions." However, sec. 270.35 contains no provision authorizing appeal from an intermediate order such as the one here before us.

The order appealed from clearly contemplates that after the circuit court has determined upon trial whether defendant Packard is indebted to plaintiff for any of the amounts set forth under the heading "Miscellaneous Items" in the bill of particulars, a final judgment will be entered determining the total indebtedness of defendant Packard to plaintiff. Included therein will be the amount of $38,519.67 for labor as found in the referees' report. By an appeal from this judgment defendant Packard can then raise the issue it attempted to raise here. Because the order here appealed from is a nonappealable intermediate order, this court has no jurisdiction to entertain the appeal. *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 333, 88 N. W. (2d) 672.

*By the Court.*—Appeal dismissed.

GORDON, J., took no part.