ESTATE OF KESKE: KASTENMEIER, Appellant, v. KESKE, Respondent.*

*November 3—November 29, 1966.*

* Motion for rehearing denied, without costs, on January 31, 1967.

66

For the appellant there were briefs by *Lueck & Skupniewitz* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondent there was a brief by *Bruce R. Rasmussen* of Beaver Dam, attorney, and *Williams, Williams & Meyer* and *Thomas S. Williams,* all of Oshkosh, of counsel, and oral argument by *Thomas S. Williams.*

GORDON, J. The order which is before us is not an appealable one, and therefore this appeal must be dismissed. Even though this issue was not raised by the parties, it is our responsibility to examine the question of appealability on our own motion. *Dombrowski v. Tomasino* (1964), 24 Wis. (2d) 16, 127 N. W. (2d) 786; *Lentz v. Northwestern National Casualty Co.* (1963), 19 Wis. (2d) 569, 120 N. W. (2d) 722; *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 113 N. W. (2d) 411.

The order appealed from in this case provides for the appointment of a special administrator and fixes the bond, apparently pursuant to secs. 311.06 (2) and 311.08, Stats. Such an order is not a "final order" within a special proceedings under sec. 274.33 (2), and therefore it is not appealable.

Sec. 324.01, Stats., provides that ch. 274 shall apply to appeals from orders or judgments of a county court. This court has ruled that the provisions of sec. 274.33 govern appeals from orders of a county court in probate matters. *Will of Krause* (1942), 240 Wis. 68, 2 N. W. (2d) 732. While interim orders in the course of a pro-

bate proceedings may qualify as final orders, as demonstrated by *Estate of Bosse* (1944), 246 Wis. 252, 16 N. W. (2d) 832, this cannot be said of the order in the case at bar.

The test for determining whether an order is a "final order" was asserted by this court in *Herman Andrae Electrical Co. v. Packard Plaza* (1962), 16 Wis. (2d) 44, 48, 113 N. W. (2d) 567:

". . . the test to determine whether an order is a 'final order' is its effect on the rights of the parties. If an order closes the matter and precludes further hearing and investigation it is final; but an order which does not completely dispose of the subject matter and settle the rights of the parties is not final."

See also *Willing v. Porter* (1954), 266 Wis. 428, 63 N. W. (2d) 729; *A. J. Straus Paying Agency v. Caswell Building Co.* (1938), 227 Wis. 353, 277 N. W. 648.

In *Kingston v. Kingston* (1905), 124 Wis. 263, 264, 102 N. W. 577, where the trial court entered an order appointing a referee, this court discussed the appealability of such order and stated that a final order

". . . is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein. . . . It . . . leaves for investigation and for determination by some subsequent order all of the merits presented by the application. It is clearly intermediate, and not final. Hence we must conclude that it is not within the description of those orders which are rendered appealable by the above-cited section of the statutes."

In dismissing this appeal, we express no view as to the correctness of the trial judge's comments set forth in his memorandum opinion, and such opinion is not to be treated as the law of this case. Our present ruling is based on the court's formal order, from which this abor-

tive appeal was taken, and not on the judge's opinion which preceded such order.

*By the Court.*—Appeal dismissed.