ESTATE OF STOEBER: SHRINER'S HOSPITAL FOR CRIPPLED CHILDREN and another, Appellants, v. PIERCE, Respondent.

*October 3—October 31, 1967.*

450

For the appellant Shriner's Hospitals for Crippled Children there were briefs by *Lee, Lee & Johnson* of Madison, and oral argument by *Lester C. Lee* and *Donald D. Johnson.*

For the appellant Bank of Madison there was a brief by *Francis P. Mayo,* attorney, and *Jay W. Winter* of counsel, both of Madison, and oral argument by *Mr. Winter.*

For the respondent there was a brief by *Jasper, Winner, Perina & Rouse* and *John H. Rouse,* attorneys, and *Stephen C. Jones* of counsel, all of Madison, and oral argument by *John H. Rouse.*

HEFFERNAN, J. Respondent takes the position that the order which the residuary legatee seeks to have reviewed by this court is nonappealable. If that contention is correct, the appeal must be dismissed and this court is foreclosed from inquiry into the merits.

"The appealability of an order, or judgment, is a matter going to the subject matter jurisdiction of the supreme court. The court has no subject matter jurisdiction if the matter is not appealable . . . . If the matter is not appealable, it is the duty of the court to dismiss the appeal on its own motion, even though the parties may not have raised the issue." Walther, Appellate Practice, p. 1.

The following statutory provision is determinative of this issue:

"274.33 **Appealable orders.** The following orders when made by the court may be appealed to the supreme court:

"(1) . . .

"(2) A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy or proceedings, or made upon a summary application in an action after judgment."

It is clear that this is the section to be used in determining appealability from a probate court. Matters in probate are not actions as defined in sec. 260.03, Stats.,[2] and, hence, fall under the category of special proceedings, as provided in sec. 260.02.[3]

For the order to be appealable it must be both "final," and one affecting a "substantial right." We conclude that the order is not final.

In the case of *Herman Andrae Electrical Co. v. Packard Plaza* (1962), 16 Wis. 2d 44, 48, 113 N. W. 2d 567, we said:

"This court has stated that the test to determine whether an order is a 'final order' is its effect on the rights of the parties. If an order closes the matter and precludes further hearing and investigation it is final; but an order which does not completely dispose of the subject matter and settle the rights of the parties is not final. *Willing v. Porter* (1954), 266 Wis. 428, 63 N. W. (2d) 729; *A. J. Straus Paying Agency v. Caswell Building Co.* (1938), 227 Wis. 353, 277 N. W. 648."

---

[2] "260.03 **Action defined; special proceeding.** An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding."

[3] "260.02 **Remedies divided.** Remedies in the courts of justice are divided into:

"(1) Actions.

"(2) Special proceedings."

The standard set forth in *Andrae, supra,* was recently quoted with approval in *Estate of Keske* (1966), 33 Wis. 2d 64, 68, 146 N. W. 2d 450.

An earlier case, *Kingston v. Kingston* (1905), 124 Wis. 263, 264, 102 N. W. 577, said:

"A final order in a special proceeding, within the meaning of this statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein. It bears the same relation to the proceeding in which it is entered as the final judgment bears to an action."

A similar, though not identical, situation was faced by this court in *Estate of Benesch* (1932), 206 Wis. 582, 585, 240 N. W. 127. In that case the appeal was from an order extending the time in which to file a claim against the estate. We therein said:

"These orders permit the filing of claims against the estate. They therefore do not prevent a final judgment from which an appeal may be taken. The question of whether the time within which the claims could have been filed was properly extended may be raised upon an appeal from the judgment entered upon such claim . . . . orders are not appealable where they extend the time so that the claim may be filed, which may eventuate in a final judgment from which an appeal may be taken."

We deem these cases and their rationale controlling.

The order permitting the amendment does not finally dispose of the proceedings determining claims. Although the amendment be permitted, the appellant has a very real remedy in the appeal from the judgment upon claims. It should also be noted that the record fails to show that there has yet been a hearing on the claim of this respondent. This is not the kind of an order that, in the words of *Andrae, supra,* page 48, "precludes further hearing and investigation." Thus, procedural devices, as well as substantive remedies, remain available to the objector.

The residuary legatee takes the position that leave to file an amended claim denies it (the residuary legatee) the right to be heard upon the claim that was originally filed but was superseded by the amendment. Conceding, *arguendo*, the truth of that statement, appellant does not make it clear why this is relevant, particularly as it appears from the record that a portion of the amended claim encompasses the claim first asserted. We are satisfied, even taking the narrow view asserted by the appellant, that the amendment of the first claim does not end a "special proceeding" entitling a party to an appeal at that point. While the order, potentially at least, affects a substantial right of the appellant, the order lacks finality and is subject to further hearing on the merits of the claim and an appeal from a possible judgment.

We are not unmindful of the appellants' arguably meritorious position that the orderly administration of estates and the timely distribution of assets would be enhanced by now disposing of the issues raised. This is debatable, for whatever points may appear at issue now may well vanish after the trial court makes a final disposition of the claim. Until a judgment on claims, the appellant can with no finality assert that he is aggrieved. Subsequent thereto, if circumstances warrant, an appeal may be had to this court. We stated in *Adoption of Brown* (1958), 5 Wis. 2d 428, 435, 92 N. W. 2d 749:

"Sec. 274.34 provides that upon an appeal from a judgment this court may review any intermediate order which involves the merits and necessarily affects the judgment. . . . we think that when there is a proper appeal from a final order in special proceedings at least those intermediate orders which were not in themselves appealable but which affected the merits of the final order must necessarily be reviewable."

We express no opinion whether the order of January 3, 1967, would so affect the merits of the final order on claims as to be reviewable on appeal from the final order.

A decision on that obviously would have to abide the substance of that order.

This court is without jurisdiction to entertain the appeal.

*By the Court.*—Appeal dismissed.