ESTATE OF REHFUSS: REHFUSS, Appellant, v. LA CROSSE TRUST COMPANY, personal representative of the deceased, and others, Respondents.

*No. 223. Submitted under sec. (Rule) 251.54 October 3, 1974.— Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 617.)

410

The cause was submitted for the appellant on the briefs of *Johns, Flaherty, Harman & Gillette, S. C.,* of La Crosse, and for the respondent La Crosse Trust Company on the brief of *George M. Snodgrass* and *Englehard, Snodgrass & Goerdt,* all of La Crosse; for the respondent La Crosse Foundation on the brief of *Moen, Sheehan & Meyer, Ltd.,* of La Crosse; and for the respondent state of Wisconsin on the brief of *Robert W. Warren,* attorney general, and *James P. Altman,* assistant attorney general.

BEILFUSS, J. The first issue is whether a decree refusing to extend the time for election against the will is an order or a judgment.

It is necessary to decide this question because if such a decree is a judgment, the order of September 5, 1972, is a judgment, and this court must decide whether the trial court abused its discretion in denying a late appeal under sec. 879.31, Stats. It has been held that matters in probate are special proceedings, subject to the rule that decrees entered therein are orders and not judgments. *Estate of Stoeber* (1967), 36 Wis. 2d 448, 153 N. W. 2d 599. Notwithstanding this general rule, some probate decrees are judgments. The final judgment allows the accounts of the personal representative and assigns the estate to those entitled to it. Sec. 863.25. The final judgment must construe the will. *Estate of Greeneway* (1941), 236 Wis. 503, 295 N. W. 761. A decree construing the will before final judgment has been held to be a judgment rather than an order. *Estate of Bosse* (1944), 246 Wis. 252, 16 N. W. 2d 832. If the rule were otherwise the will construction would be an interlocutory order reviewable on appeal from the final judgment. It is necessary to hold that those decrees deciding questions which would otherwise be decided at the time of final judgment are interlocutory judgments; else administration of an estate would be prolonged until an appeal from the final judgment was decided.

Extension of the time to elect against the will is not a question to be decided at the time of final judgment. If it were, the election would still be available and the administration of the estate would not be terminated. In *Estate of Baumgarten* (1961), 12 Wis. 2d 212, 221, 107 N. W. 2d 169:

". . . The effect of the bank's motion was to institute a special proceeding and such order terminated such proceeding. Therefore, it is a final order affecting a substantial right in a special proceeding and is appealable under sec. 274.33 (2)."

The same reasoning applies here. The effect of a petition to extend the time for filing an election against a will is to institute a special proceeding, which is terminated by a final order affecting a substantial right, not a judgment.

Because the decree of September 5th is not a judgment the question remains whether it is an appealable order. If it is, the order of February 15, 1973, to the extent it is only a denial of a motion to review the question decided in the September 5th order, is not appealable. *Ver Hagen v. Gibbons* (1972), 55 Wis. 2d 21, 197 N. W. 2d 752. The order of September 5th recites that it is occasioned by two telephone calls from Attorney Flaherty on behalf of Mrs. Josephine Rehfuss requesting the court to extend the time in which the widow could elect whether or not to take under the will.

Appealable orders must be made by the court. Sec. 274.33, Stats. An order made in chambers is not appealable. *State v. Kuick* (1948), 252 Wis. 236, 31 N. W. 2d 181. An order refusing to vacate an order made in chambers is appealable if an appeal might have been taken in the first instance. Sec. 274.33 (4).

An order "by the court" is one made by the court in session. Sec. 269.29, Stats. It must be made on notice or appearance by the opposing party. *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 47 N. W. 2d 309. An exception to the notice requirement is when a party fails to obey a prior order and the penalty for failure is dismissal. *Sheldon v. Nick & Sons, Inc.* (1948), 253 Wis. 162, 33 N. W. 2d 260.

Sec. 861.11 (3), Stats., provides that an extension of time to elect against the will may be granted "by the court." Therefore, the order of September 5th is not only nonappealable because it was made *ex parte* at chambers after a telephone call to the judge, but is also a nullity because it could only be made on notice by the

court in session. The fact that the order recites it was made by the court is not determinative if the order shows on its face, as this one does, that it was not. *Merriman v. McCormick Harvesting Machine Co.* (1893), 86 Wis. 142, 56 N. W. 743. The appeal from the order of September 5th is therefore dismissed.

The final issue is whether the trial court had power to further extend the time to which to elect against the will.

Sec. 861.11 (3), Stats., provides in part as follows:

"TIME FOR FILING. The election must be filed within one year of the filing of the petition for probate of the will, except that the period may be extended by the court, *during but not after such one-year period,* for additional time as the court deems just, in event of . . . special circumstances justifying the delay in filing an election." (Emphasis supplied.)

It is not necessary in this case to decide whether the trial court may extend the time for filing the election by an order entered after the one-year period has expired when a petition was filed during the one-year period. Here, the one-year period was extended by a timely order. Subsequently another extension was requested, not during the one-year period but after it had passed. The power granted to the trial court by sec. 861.11 (3), Stats., could not be exercised because the one-year period had expired.

*By the Court.*—The appeal from the order of September 5, 1972, is dismissed. The order of February 15, 1973, is affirmed.