## CIRCUIT COURT OF THE CITY OF RICHMOND

United Airlines, Inc.

v.

Commonwealth of Virginia

April 10, 1975

Case No. 7595

By JUDGE ALEX H. SANDS, JR.

Plaintiff's objection to certain interrogatories propounded by defendant raises a unique question and one of first impression, at least in Virginia; i.e., whether or not the provisions of Part Four of the Rules of the Supreme Court of Virginia (herein called Rules) are applicable to proceedings instituted under § 58-1130, et seq., of the Code of Virginia, seeking the correction of the alleged erroneous assessment of certain sales and use taxes assessed by defendant against plaintiff.

The issues which control the determination of this question are framed by the principal points of argument advanced by plaintiff in support of its objection to the interrogatories propounded to plaintiff. These contentions are three in number:

1. That the history and origin of the present Part Four demonstrates that it does not apply to tax refund applications.

2. That Part Four of the Rules by its very language applies only to "civil cases at law and suits in equity," and that the proceeding under review is neither but is a purely statutory proceeding.

3. That this is, in essence, an _ex parte_ proceeding as to which the discovery provisions of Part Four cannot be applied; that the provisions of Part Four apply only to parties and that the Department of Taxation is not a party to the present proceeding.

These issues will be considered in the above order.

### History of Part Four

Neither the records of the Judicial Council, nor the recommendations of the Special Committee of the Judicial Council appointed to formulate Part Four of the Rules, reflect that any consideration was given to this particular question.

Rule 3:1, which outlines the scope of application of Part Three, undertakes to enumerate the various proceedings to which this part _does_ apply rather than to place _restriction_ upon its application in the nature of enumeration of proceedings to which it does _not apply_. The only exception made is to proceedings involving tax refunds. The quite obvious reason for this exclusion was that Part Three, as originally drafted, as now, dealt almost exclusively with procedures, none of which fit an action for tax refunds. Thus Rules 3:2 through 3:22 as originally drafted had absolutely no relationship to tax refund suits, the procedure for which was set up by Code § 58-1130. This situation was recognized by the rule change in the language of Rule 3:1 as reflected in 1952 when the language "(except when a tax refund is sought)" was, for the first time, added. It is significant that at this time Rule 3:23 had not been adopted, so obviously it was not the intention at the time that the above parenthetical restriction was inserted in the rule that it had any application to discovery procedures.

When later some rule governing discovery procedures became necessary, the drafting committee in 1954 for lack, no doubt, of a better place to put it,

stuck it under Part Three and called it Rule 3:23. Having been placed in Part Three, it, of course, was, so long as it remained a part of Part Three, subject to the previously existing parenthetical exclusion of 3:1.

It, soon became apparent, however, that discovery, the subject matter of Rule 3:23, was totally unrelated to the subject matter of the other provisions of Part Three and that it should be the subject of a separate and distinct part of the Rules, and hence the adoption of Part Four, which deals only with discovery.

Rule 4:0 undertakes, contrary to the language of 3:1, to specify to what actions Part Four should not apply, and there is nothing in the history of the Rules of Court to suggest in the remotest way that the application of Part Four should not be limited only by these specified exclusions.

### Is a Proceeding for Correction of an Erroneous Assessment of Taxes an Action at Law?

It is plaintiff's contention that a proceeding for the correction of an erroneous assessment is a special statutory proceeding and not included in the term "action." Some jurisdictions have seen fit to create this distinction by statute. See In re Estate of Stoeber, 153 N.W.2d 599, 601 (Wis. 1967). It would appear, however, that absent such statutory justification for the distinction, the term "action" should be given a comprehensive meaning so as to apply to any remedy which the law gives a party. Halloran, etc. v. Cab Co., 253 Minn. 436, 444. Indeed, this must have been the view entertained by the drafters of Rule 4:0 for otherwise why, if all statutory remedies had been excluded by the language "In all civil cases in both actions at law and suits in equity," would they have made a specific exception of suits for separate maintenance, divorce or annulment, eminent domain, etc. all statutory remedies?

Is the Proceeding Under Consideration an
"Ex Parte" or an "Adversary" Proceeding?

Plaintiff further contends that this is an ex parte proceeding, that Part Four of the Rules applies only to parties, that the Department of Taxation is not a party to this proceeding, and that there is, therefore, no basis upon which Part Four could apply.

The first contention would appear to be answered by Johnson, etc. v. Hampton Institute, 105 Va. 319. This was a proceeding brought by Hampton Institute attempting to enjoin the collection of an alleged erroneous tax. The court, while refusing relief by injunction, stated that plaintiff's remedy lay in § 567 of the then section of the Code which was the forerunner of present § 58-1130. As to the nature of the proceeding under the statute, the court said:

> We think the remedy afforded by this statute, which provides for bringing both the citizen and the Commonwealth before the Court, is ample and complete to meet all exigencies of the case presented in the pleadings.(Emphasis added).

Section 58-1130, moreover, requires in a case where, as here, the assessment is made by the Department of Taxation, that a copy of the application must be served on the State Tax Commissioner. The present proceeding, as brought, is in every sense an adversary proceeding.

For the above reasons, it is held that defendant is entitled to avail itself of the discovery procedures provided for in Part Four of the Rules of the Supreme Court of Virginia. This ruling does not, of course, affect plaintiff's right to object to any of the specific interrogatories propounded.