IN the MATTER OF the ESTATE OF Elizabeth F. McCoy, Deceased: FIRST WISCONSIN NATIONAL BANK OF MADISON, Cross-Petitioner-Appellant,

v.

WISCONSIN ACADEMY OF SCIENCES, ARTS & LETTERS, Layton L. Phillips, Personal Representative, Respondents.

Court of Appeals

*No. 82–1796. Submitted on briefs August 10, 1983.—*
*Decided February 24, 1984.*
(Also reported in 345 N.W.2d 519.)

For the cross-petitioner-appellant the cause was submitted on the briefs of *James R. Cole, Thomas P. Solheim, Robert W. McLewee* and *Ross & Stevens, S.C.* of Madison.

For the respondent Wisconsin Academy of Sciences, Arts and Letters the cause was submitted on the brief of *Howard A. Sweet* and *La Follette, Sinykin, Anderson & Munson* of Madison.

For the respondent Layton L. Phillips the cause was submitted on the brief of *David S. Uphoff* and *Isaksen, Lathrop, Esch, Hart & Clark* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.   The First Wisconsin National Bank (trustee) appeals from an order directing disbursement of the corpus of an *inter vivos* trust pursuant to a stipu-lation between the estate of the settlor and the Wisconsin Academy of Sciences, Arts and Letters (Academy), the only claimants of the trust assets.  The trustee was not a party to the stipulation, and opposed the distribution it outlined.  Because we hold that the trial court had no au-thority to order the stipulated disposition without the ap-proval of the trustee, we reverse.

The facts are undisputed for purposes of this appeal.[1] Dr. Elizabeth McCoy executed a revocable trust in 1969 which provided for payments of net income to herself during her lifetime and specified that at her death the trust corpus would be distributed to her estate.  She re-served the right to amend the trust at any time "by in-strument in writing delivered to the Trustee," provided that "the duties, powers and liabilities of the Trustee shall not be changed without its written consent."

In June 1977, Dr. McCoy met with officials of the bank and instructed them to pay the future income benefits to the Academy.  She also indicated her desire to have the remaining trust assets paid to the Academy at her death.

[1] The facts are taken from the trial court's memorandum deci-sion dated April 23, 1979, which formed the basis for a prior ap-peal to this court. *In Matter of Trust of McCoy*, No. 80–458, slip op. (Wis. Ct. App. April 27, 1981).

Following this meeting Dr. McCoy wrote a letter to the president of the Academy confirming the arrangement. A copy of the letter was delivered to the bank some days later.

Dr. McCoy died intestate in March 1978. The estate claimed entitlement to the trust corpus pursuant to the terms of the trust document. The Academy claimed that the trust had been amended by Dr. McCoy's letter naming it as beneficiary of the corpus, and filed a petition for construction of the trust document.

The trial court held that the trust had not been effectively amended because the bank had never given its written consent to the change in beneficiaries. In an unpublished decision this court reversed, holding that the trust was ambiguous in the procedure specified for amending its terms, and remanded for further proceedings.

Following remand, the estate and the Academy stipulated to divide the trust corpus equally between them in order to avoid further litigation regarding the settlor's intent. The trustee refused to approve the stipulation on various grounds, including the ground that it did not comport with the settlor's intention. The trial court found the stipulation to be equitable to all parties and issued the order appealed from.

No authority was cited to the trial court by the respondents in seeking approval of the stipulation, and the trial court cited none in issuing the order.

Under Wisconsin common law, the right to dispose of property at death is a fundamental right of constitutional dimension. *Will of Rice: Cowie v. Strohmeyer,* 150 Wis. 401, 450, 136 N.W. 956, 975 (1912). For this reason, compromises between beneficiaries with respect to such dispositions were viewed as being against public policy and therefore void. *Estate of Trojan,* 53 Wis. 2d 293, 298, 193 N.W.2d 8, 10 (1972). As the supreme court stated in

*Estate of Staab,* 166 Wis. 587, 590, 166 N.W. 326, 327 (1918):

[I]t is the declared law of this state that, given a valid will and a lawful declaration by a competent testator as to the manner in which the property that was his is to be disposed of after his death, it is the duty of the court having probate of the estate to carry out the wishes of such testator. regardless of the wishes or agreements of those who may be beneficially entitled in the estate; that *parties interested in such an estate cannot make a valid and binding contract or stipulation providing for a different disposition which will be enforced by a court.* It is the duty of the court as an obligation resting upon it as a court, as a duty *ex officio,* and for reasons of public policy, to see to it that the wishes of the one who is no longer in existence as to the lawful disposition of that which was once his, shall be fully and properly carried out. [Emphasis supplied.]

In 1951, the legislature enacted the predecessor of present sec. 879.59, Stats.,[2] to provide for a limited right of compromise in testamentary dispositions. The supreme court has recognized that prior to the enactment of this statute "there was not even a suggestion in the law of this state that parties interested in a testate estate were competent to substitute their will for that of the testator, or that any agreement by interested parties to be carried out as if it were the scheme of the testator was enforceable." *Estate of Jorgensen,* 267 Wis. 1, 7, 64 N.W.2d 430, 433 (1954). More recently, the supreme court observed that the statute "[c]learly . . . overruled" cases prohibiting compromises "providing that certain procedures were followed and the court approved the agreement." *Estate of Trojan,* 53 Wis. 2d at 298, 193 N.W.2d at 10.

Both parties rely on sec. 879.59 (1), Stats., on appeal. That section provides:

[2] Section 318.31, Stats. (1951), was created by ch. 367, Laws of 1951. It was repealed and substantially recreated as sec. 879.59, Stats., by sec. 26, ch. 339, Laws of 1969.

*The court may authorize* personal representatives and *trustees to adjust by compromise any controversy* that may arise between different claimants to the estate or property in their hands *to which agreement the personal representatives or trustees* and all other parties in being who claim an interest in the estate and whose interests are affected by the proposed compromise *shall be parties* in person or by guardian as hereinafter provided. [Emphasis supplied.]

This section specifically requires that the trustee be a party to the compromise agreement.

The trustee was not a party to the stipulation before us, and actively opposed it. We need not consider the reasons advanced by the trustee for refusing to join the compromise settlement. Its reasons are immaterial under the statute. "Where, as here, the language of a statute is clear and unambiguous, we must give the statute the effect its language warrants." *Waukesha County v. Johnson,* 107 Wis. 2d 155, 162, 320 N.W.2d 1, 4 (Ct. App. 1982). Because the trustee was not a party to the stipulation, the trial court had no authority under sec. 879.59 (1), Stats., to approve it.

The Academy also relies on sec. 805.04, Stats.,[3] governing the voluntary dismissal of civil actions in general, as

[3] Section 805.04, Stats., provides in part as follows:

(1) An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is not on the merits, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim.

(2) Except as provided in sub. (1), an action shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this subsection is not on the merits.

authority for the order approving the stipulation. This section is not applicable. Matters in probate are special proceedings. *Estate of Rehfuss,* 65 Wis. 2d 409, 412, 222 N.W.2d 617, 619 (1974). The provisions of the general civil procedure statutes apply to special proceedings "unless a specific provision of procedure in special proceedings exists." Sec. 801.01(1), Stats. Section 879.59, Stats., is such a specific provision with respect to compromised dispositions in estate proceedings.

Because no statutory authority allows the compromise in question, it is prohibited by common law. *Estate of Staab, supra; Will of Rice, supra.* The order implementing it must therefore be reversed. In light of this disposition, the remaining issues discussed by the parties need not be addressed.

*By the Court.*—Order reversed.

RECONSIDERATION of the decision filed February 24, 1984.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J. The Academy urges us to reconsider our original determination on our own motion,[1] and to adopt a construction of sec. 879.59(1), Stats., which would require a trustee to be a party to a compromise only if the trustee's interests are affected by the proposed compromise.

The language of the statute presumes the interest of the trustee by requiring it to be a party to the agreement *along with* "all other parties in being who claim an inter-

---

[1] This court need not, but may, acknowledge a request for reconsideration under sec. 809.24, Stats. That section provides:

The court of appeals may on its own motion reconsider a decision or opinion at any time prior to remittitur if no petition for review under s. 809.62 is filed or within 30 days of the filing of a petition for review. A motion for reconsideration is not permitted.

est . . . and whose interests are affected by the proposed compromise" in all cases. It allows the court to "authorize," but not to require, trustees and personal representatives "to adjust by compromise any controversy that may arise between different claimants . . . ." It cannot be read to authorize the exclusion from the compromise agreement of the very party charged with adjusting the compromise. Its requirement that the trustee be a party to the agreement admits of no exception.

The policy behind the statute of allowing compromises in estate matters "to avoid the costs and risks of litigating the issues in dispute," noted by the supreme court in *Estate of Trojan*, 53 Wis. 2d 293, 300, 193 N.W.2d 8, 11 (1972), was conditioned by the legislature on following the "certain procedures" set forth in the statute, as the supreme court also noted. 53 Wis. 2d at 298, 193 N.W.2d at 10. We cannot, in the name of "public policy," alter procedures which the legislature designed to balance the interests of compromise against the interests of protecting a decedent's intended (or statutorily decreed) distribution of an estate.

The decision filed February 24, 1984, is confirmed.