Sandra L. SHIRK, Plaintiff-Appellant,

v.

BOWLING, INC., Defendant-Respondent-Petitioner.

Supreme Court

*No. 98–3634–FT. Oral argument January 3, 2001.—Decided April 11, 2001.*

2001 WI 36

(Also reported in 624 N.W.2d 375.)

For the defendant-respondent-petitioner there were briefs by *Scott C. Beightol, Brenda S. Kasper* and *Michael Best & Friedrich LLP*, Milwaukee, and oral argument by *Scott C. Beightol*.

For the plaintiff-appellant there was a brief by *Russell C. Brannen, Jr.*, and *O'Neil, Cannon & Hollman, S.C.*, Milwaukee, and oral argument by *Russell C. Brannen, Jr.*

¶ 1. N. PATRICK CROOKS, J. The issue presented by this case is whether a circuit court may deny a motion for default judgment based on the preemptive use of the statute governing relief from judgments, Wis. Stat. § 806.07(1)(1995–96),[1] when the party opposing the motion claims excusable neglect for its untimely answer. Petitioner, Bowling, Inc. (Bowling), seeks review of an unpublished decision of the

---

[1] All subsequent references to the Wisconsin Statutes are to the 1995–96 version unless otherwise indicated.

court of appeals, *Shirk v. Bowling, Inc.*, No. 98–3634-FT, unpublished slip op. (Ct. App. Oct. 12, 1999). The court of appeals reversed a circuit court order which denied a motion for default judgment brought by Sandra Shirk (Shirk) based on Bowling's lack of a timely answer to her complaint. The circuit court, Judge Charles F. Kahn presiding, denied Shirk's motion based on the preemptive use of Wis. Stat. § 806.07(1). The court concluded that it would be compelled to reopen the case if Bowling brought a motion to vacate the judgment under § 806.07.[2] After denying Shirk's motion for default judgment, the court granted summary judgment in favor of Bowling. Shirk appealed the summary judgment to the court of appeals. The court of appeals reversed, holding that the circuit court applied the wrong legal standard in denying Shirk's motion for default judgment. According to the court of appeals, the circuit court should have addressed whether Bowling established excusable neglect for its untimely answer, and should not have relied upon the policy against default judgments, which favors allowing parties to have their day in court.

¶ 2. We hold that the circuit court, based on the preemptive use of Wis. Stat. § 806.07(1), properly denied Shirk's motion for default judgment. We further hold that Bowling established excusable neglect under Wis. Stat. § 806.07(1)(a) due to the fact that, when read

---

[2] Wisconsin Stat. § 806.07 provides in pertinent part:

(1)   On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a)   Mistake, inadvertence, surprise, or excusable neglect;

. . .

(h)   Any other reasons justifying relief from the operation of the judgment.

together, the summons and the notice of service were confusing or misleading. Accordingly, we reverse the decision of the court of appeals, and the cause is remanded to the court of appeals.[3]

I

¶ 3. This case arose out of a post-employment dispute between Shirk and Bowling. Shirk filed a complaint against Bowling after Bowling terminated her

[3] We do not address the circuit court's granting of summary judgment in favor of Bowling. In its petition for review to this court, Bowling requested review of the issue of whether the circuit court properly denied Shirk's motion for default judgment. The petition does not mention the grant of summary judgment. Shirk's response to the petition for review also fails to mention the grant of summary judgment. In addition, neither Shirk nor Bowling addressed the grant of summary judgment in their respective briefs to this court, other than to note that summary judgment had been granted to Bowling. In the conclusion to the brief on behalf of Shirk, the following is stated: "Even reversal of flat [sic] decision results in remand to the Court of Appeals for some relief on Shirk's other issues." Br. of Pl.-Appellant at 37.

The Court of Appeals decided the present case solely on the grounds that the circuit court erroneously denied Shirk's motion for default judgment. The court noted that Shirk raised three issues on the appeal. Because the court concluded that the default judgment issue was dispositive of the appeal, the court declined to address the other two issues raised by Shirk. The court stated that the other two issues are: "(1) whether the severance package was due in full at the next payroll date as a matter of law or by the parties' agreement; and (2) whether certain allegedly delinquent payments made by Bowling to Shirk were subject to the penalty under § 109.11(2)(a), STATS." *Shirk v. Bowling, Inc.*, No. 98–3634-FT, unpublished slip op. at 3 n.3 (Ct. App. Oct. 12, 1999).

as its Chief Executive Officer (CEO), seeking a lump sum payment of severance pay, additional wages, and an award for expenses and attorneys' fees.

¶ 4.   On March 6, 1998, Shirk served a summons, complaint and notice of service on the Department of Financial Institutions (DFI) pursuant to the statute governing service to foreign corporations, Wis. Stat. § 181.66(2).[4] The summons named Bowling as the defendant and contained the instruction that Bowling must answer the complaint within twenty days of receiving the summons or the court may enter judgment against Bowling. On March 16, 1998, the DFI mailed an authenticated copy of the Summons and Complaint, and the original Certificate of Service on the DFI showing service on March 6, 1998, as required by Wis. Stat. § 181.66, to the last known address of Bowling.

¶ 5.   On March 17, 1998, Bowling received the copy of the summons and complaint. In addition, Bowling received a Notice of Service from Shirk that stated:

---

[4] Wisconsin Stat. § 181.66(2) provides:

> A foreign corporation conducting its affairs or acquiring, holding or disposing of property in this state, shall by so doing be deemed to have thereby appointed the department as its agent and representative upon whom any process, notice or demand may be served in any action or proceeding arising out of or relating to any affairs conducted or property acquired, held or disposed of within this state. Service of such process, notice or demand shall be made by serving a copy upon the department, and such service shall be sufficient service upon said foreign corporation, provided that notice of such service and a copy of the process, notice or demand are within 10 days thereafter sent by mail by the plaintiff to the defendant at its last-known address, and that the plaintiff's affidavit of compliance herewith is appended to the process, notice or demand. The department shall keep a record of all such processes, notices and demands which shows the day and hour of service.

Please take notice, that on the 6th day of March, 1998, as reflected in the attached Certificate from the Department of Financial Institutions, a copy of the appended authenticated Summons and Complaint was served upon you through the aforesaid Department, all pursuant to Wisconsin Statutes § 181.66(2). Reference is herewith made to the contents of the appended Summons for further instructions.

¶ 6. On March 30, 1998, Shirk moved for default judgment because Bowling did not answer her complaint within 20 days of the March 6 service on the DFI. Bowling then filed an answer to Shirk's complaint on April 1, 1998.

¶ 7. The circuit court denied Shirk's motion because the court determined that it would be required to reopen the case if Bowling brought a motion to vacate the default judgment under Wis. Stat. § 806.07(1). In addition, the court recognized the policy in Wisconsin to allow litigants their day in court and to decide cases based on the merits rather than on "legal traps or time limits." Tr. of Mot. Hr'g at p. 4. Lastly, the court noted that Bowling had filed an answer and was ready to defend Shirk's complaint. After denying Shirk's motion for default judgment, the circuit court granted summary judgment in favor of Bowling.

¶ 8. The court of appeals reversed, holding that the circuit court applied the wrong legal standard in making its decision. According to the court of appeals, the circuit court should have addressed whether Bowling had established excusable neglect, rather than simply stating a preference for deciding the case based on the merits. In addition, the court of appeals held that Bowling's three excuses for its late answer "were legally insufficient, as a matter of law, to establish

excusable neglect." *Shirk*, slip op. at 4. The court of appeals did not address whether the circuit court properly granted Bowling's motion for summary judgment.

## II

¶ 9. The present case requires us to determine whether a circuit court may deny a motion for default judgment based on the preemptive[5] use of Wis. Stat. § 806.07(1)(a) when the party opposing the motion claims that its untimely answer was due to excusable neglect. A circuit court has discretion in deciding whether to grant a motion for default judgment. *Oostburg State Bank v. United Savings & Loan Ass'n*, 130 Wis. 2d 4, 11, 386 N.W.2d 53 (1986). We will not reverse a circuit court's decision unless the court erroneously exercised its discretion. *Id.*[6]

¶ 10. Bowling contends that the circuit court did not erroneously exercise its discretion. According to Bowling, the circuit court, in the present case, followed the court of appeals decision in *Johns v. County of Oneida*, 201 Wis. 2d 600, 549 N.W.2d 269 (Ct. App. 1996). In *Johns*, the court of appeals held that a circuit court could deny a motion for default judgment, without a finding of excusable neglect, if the court concluded that it would be required to vacate the judg-

---

[5] Preemptive is defined as "taken as a measure against something possible, anticipated, or feared; preventive; deterrent." *The Random House Unabridged Dictionary* 1524 (2d ed. 1993).

[6] We have replaced the phrase "abuse of discretion" with the phrase "erroneous exercise of discretion." *City of Brookfield v. Milwaukee Metro. Sewerage Dist.*, 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992). Although the name has changed, the standard to be applied remains the same. *Id.*

ment under Wis. Stat. § 806.07(1)(h). 201 Wis. 2d at 606. The reasoning behind the *Johns* decision was that it would be a needless use of judicial time and resources to grant a default judgment and then immediately vacate that judgment. *Id.* In addition, Bowling claims that the *Johns* decision follows language from this court in *Willing v. Porter*, 266 Wis. 428, 63 N.W.2d 729 (1954). In *Willing*, we stated that it would be a "useless waste" if a court granted a motion for default judgment, and then immediately considered a motion to set aside that judgment on the same grounds that were argued to deny the motion in the first place. 266 Wis. at 430. Bowling urges us to follow the holding of *Johns* and the language and holding of *Willing*.

¶ 11. Bowling also argues that the circuit court was not required to use the phrase "excusable neglect" to exercise properly its discretion when denying Shirk's motion for default judgment. Relying on *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982), Bowling claims that a circuit court makes an implicit finding of excusable neglect so long as it adequately recites the grounds for its decision. In the present case, Bowling contends that the circuit court adequately recited the grounds for its decision when it stated the policy preference for deciding cases on the merits and allowing litigants their day in court. Accordingly, Bowling claims that the circuit court did not erroneously exercise its discretion, even though it did not expressly use the phrase "excusable neglect."

¶ 12. Lastly, Bowling contends that it was misled by Shirk's use of a faulty summons based on an obscure service statute and that this constitutes grounds for a finding of excusable neglect. Bowling claims that it was reasonable to believe that the 20-day period in which to answer Shirk's complaint began when Bowling

163

received the summons on March 17, rather than on March 6, the day the summons and complaint were served on the DFI. Bowling compares the facts of the present case to the facts of *Jackson v. Employe Trust Funds Board*, 230 Wis. 2d 677, 602 N.W.2d 543 (Ct. App. 1999). In *Jackson*, the court of appeals held that a circuit court did not erroneously exercise its discretion in denying a motion for default judgment, when the party opposing the motion claimed to be misled by an ambiguous service statute. 230 Wis. 2d at 694–95. Bowling argues that the notice of service which referred to Wis. Stat. § 181.66, combined with the language of the summons itself, created an ambiguity as to when its answer was due. Bowling therefore claims that its failure to file an answer within 20 days of the date that service was effected on the DFI was excusable neglect.

¶ 13. By contrast, Shirk contends that the circuit court erroneously exercised its discretion in denying her motion for default judgment. Shirk argues that Bowling failed to set forth the specific details of its claimed excusable neglect. Shirk compares the facts of the present case to the facts of *Hedtcke*, which this court found to be insufficient to establish excusable neglect. 109 Wis. 2d at 472. In *Hedtcke*, we held that a lawyer's claim of the press of other legal business, without stating "specific incidents and a persuasive explanation," failed to establish excusable neglect. 109 Wis. 2d at 473. Shirk argues that Bowling's claim that the summons and notice of service were both misleading, without the specific details of who was misled and how they were misled, is insufficient to support its claim of excusable neglect. Shirk also relies on *Gerth v. American Star Ins. Co.*, 166 Wis. 2d 1000, 480 N.W.2d 836 (Ct. App. 1992) for the proposition that Bowling

164

cannot sustain a claim of excusable neglect based on one sentence from the notice of service.

¶ 14. Shirk also contends that the facts of the present case should not have led the circuit court to the conclusion that denial of the motion for default judgment was necessary, because the court would later have had to vacate the judgment under Wis. Stat. § 806.07(1). Shirk claims that, in addition to Bowling's failure to establish excusable neglect under Wis. Stat. § 806.07(1)(a), the test for relief under § 806.07(1)(h) is not met here. The requirements were explained by this court in *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 363 N.W.2d 419 (1985). Section 806.07(1)(h) allows a court to vacate a judgment if there are "[a]ny other reasons justifying relief from the operation of the judgment." The test is whether there are "extraordinary circumstances" to justify such relief. *M.L.B.*, 122 Wis. 2d at 549. According to Shirk, the courts in both *M.L.B.* and *Johns* found extraordinary circumstances due to the consequences of allowing the judgment to stand, and therefore vacated the judgment. Shirk claims that extraordinary circumstances exist when a judgment either "prolongs a controversy or revives a controversy previously resolved." Shirk argues that there are no extraordinary circumstances in the present case that arise from allowing the default judgment to stand.

¶ 15. We begin our analysis of the arguments of the parties with the statute that governs the granting of a default judgment, Wis. Stat. § 806.02.[7] The first sentence of the statute provides that "[a] default judgment may be rendered. . . ." Wis. Stat. § 806.02(1). The

---

[7] The relevant section of Wis. Stat. § 806.02 provides: "(1) A default judgment may be rendered. . .if no issue of law or fact has been joined and if the time for joining issue has expired."

use of the word "may" indicates that the circuit court "is not required to enter a default judgment." *Hansher v. Kaishian*, 79 Wis. 2d 374, 387, 255 N.W.2d 564 (1977). As noted previously, the decision to grant a motion for default judgment is within the sound discretion of the circuit court. *Oostburg*, 130 Wis. 2d at 11. We have set forth guidelines for the circuit courts to follow in the exercise of such discretion:

> The trial court must undertake a reasonable inquiry and examination of the facts as the basis of its decision. The exercise of discretion must depend on facts that are of record or that are reasonably derived by inference from the record and the basis of that exercise of discretion should be set forth. This court will not find an [erroneous exercise] of discretion if the record shows that discretion was in fact exercised and if the record shows that there is reasonable basis for the trial court's determination.

*Howard v. Duersten*, 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977).

¶ 16.   We have also instructed circuit courts to keep certain policies in mind when deciding motions for default judgment. A court should consider that: "(1) [the default judgment statute] is remedial in nature and should be liberally construed. . .; (2) the law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues. . .; and (3) as a corollary to this preference, default judgments are regarded with particular disfavor." *Dugenske v. Dugenske*, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977). Moreover, we have directed that a court, in deciding a motion to vacate a default judgment, consider whether

the party seeking relief from the judgment has taken prompt action. *Hansher*, 79 Wis. 2d at 392.

¶ 17.    In addition, Bowling is correct that a circuit court does not erroneously exercise its discretion when it denies a motion for default judgment because it concludes that it would thereafter be compelled to entertain a motion to set aside that judgment. *Willing*, 266 Wis. at 430; *Johns*, 201 Wis. 2d at 605–06. For the sake of judicial economy, a circuit court should not grant a motion for default judgment and then immediately entertain a motion to vacate that judgment based on the same grounds relied upon by a party arguing for denial in the first place. *Willing*, 266 Wis. at 430; *Johns*, 201 Wis. 2d at 605–06. In *Johns*, the court of appeals held that a circuit court may deny a motion for default judgment if the court determines that it would reopen the case due to the existence of extraordinary circumstances under Wis. Stat. § 806.07(1)(h). 201 Wis. 2d at 605–06. The court followed our statement in *Willing* that " 'it would be a useless waste' " for a circuit court to grant a default judgment and then instantly face a motion to vacate that judgment. *Id.* (quoting *Willing*, 266 Wis. at 430). To preserve judicial time and resources, a circuit court properly denies a motion for default judgment, if it determines that it would be compelled to reopen that judgment if the party opposing the motion brought a motion to vacate under Wis. Stat. § 806.07(1).

¶ 18.    As the parties have discussed, one of the grounds for vacating a default judgment is if the party against whom judgment has been rendered can establish excusable neglect. Wis. Stat. § 806.07(1)(a). Excusable neglect is " 'neglect which might have been

the act of a reasonably prudent person under the same circumstances.' " *Hedtcke*, 109 Wis. 2d at 468 (citations omitted). Excusable neglect is not just " 'neglect, carelessness or inattentiveness.' " *Id.*

¶ 19.   There is an additional requirement for a party seeking the denial of a default judgment motion based on the preemptive use of Wis. Stat. § 806.07(1)(a). The party must also establish that it has a meritorious defense to the underlying action. *J.L. Phillips & Assoc., Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 351, 577 N.W.2d 13 (1998). A meritorious defense is any defense that is "good at law." *Id.* at 360. A defense that is good at law "is a defense that requires no more and no less than that which is needed in a timely-filed answer to survive a motion for judgment on the pleadings." *Id.* The party does not need to demonstrate any likelihood of success. *Id.*

¶ 20.   In the present case, the circuit court did not erroneously exercise its discretion. To begin with, the court properly concluded that it could deny Shirk's motion for default judgment based on the preemptive use of Wis. Stat. § 806.07(1). *Willing*, 266 Wis. at 430; *Johns*, 201 Wis. 2d at 605–06. The court determined that it would be "required to reopen the case" if Bowling brought such a motion to vacate. The circuit court was not required to waste, needlessly, its time and resources by granting Shirk's motion for default judgment, and then immediately entertaining, and granting, Bowling's motion to vacate that judgment.

¶ 21.   There was a reasonable basis for the circuit court's exercise of discretion that was supported by the facts in the record. *Howard*, 81 Wis. 2d at 305. Even

though the court did not expressly use the phrase excusable neglect, Bowling accurately asserts that there was such a reasonable basis in the record, namely, the fact that the summons and the notice of service seemed to set two different dates as to when the 20-day period for answering the complaint began. We disagree with Shirk's argument that Bowling failed to address the specific facts of its excusable neglect.[8] The notice of service stated that Bowling had been served through the DFI on March 6, 1998. By operation of Wis. Stat. § 181.66, Bowling had 20 days from this date to answer Shirk's complaint. In addition, the notice of service stated "[r]eference is herewith made to the contents of the appended Summons for further instructions." On March 17, 1998, Bowling received the summons that stated "[w]ithin twenty (20) days of receiving this summons, [Bowling] must respond with a written answer." We agree with Bowling that a reasonably prudent person, in the same circumstances as Bowling, could have been confused as to whether the 20-day period to answer began on March 6, the date of service on DFI, or March 17, the date that Bowling received the summons. *See Hedtcke*, 109 Wis. 2d at 468 (holding that excusable neglect is " 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' ")(citations omitted). We, therefore, conclude that the circuit court did not erroneously exercise its discretion in denying Shirk's motion for default judgment, because the confusion created by the interplay between the summons and the

_____

[8] We do not address Shirk's argument that Bowling failed to establish extraordinary circumstances to justify relief from a judgment under Wis. Stat. § 806.07(1)(h) because we conclude that Bowling has established excusable neglect under § 806.07(1)(a).

notice of service established excusable neglect on Bowling's part.[9]

■■

¶ 22.   The circuit court also considered the appropriate standards or guidelines when deciding whether to grant a motion for default judgment. *See Dugenske*, 80 Wis. 2d at 68. First, the court recognized the policy of affording litigants their day in court by stating that "we do have a preference in state courts that everyone

---

[9] The facts of the present case are distinguishable from the facts of *Gerth v. American Star Ins. Co.*, 166 Wis. 2d 1000, 480 N.W.2d 836 (Ct. App. 1992). In *Gerth*, the plaintiff sent two copies of the summons and complaint to the commissioner of insurance, which then mailed the process to the defendant's office in Waukesha, Wisconsin. 166 Wis. 2d at 1004. The defendant's claims manager, located in San Francisco, California, then received the summons 19 days later. *Id.* at 1004–05. The defendant argued that this delay caused the claims manager to believe that he had 20 days from his receipt of the summons to answer the complaint. *Id.* at 1007–08. According to the defendant, the delay in sending the summons from Waukesha to San Francisco, combined with the claims manager's confusion over when the answer was due, established excusable neglect. *Id.* The court of appeals rejected that argument, holding that the claims manager's failure to determine the correct date for when the answer was due was neglect, but not excusable neglect, because the summons was stamped "received" and contained the date of receipt at the Waukesha office. *Id.* at 1008.

In the present case, in addition to the summons and complaint, Shirk drafted the notice of service which stated "[r]eference is herewith made to the contents of the appended Summons for further instructions." It is this sentence in the notice of service, combined with the summons, that created confusion and established excusable neglect on the part of Bowling. Accordingly we do not require supplemental briefing addressing which summons form Shirk should have used, and we deny Shirk's motion for supplemental briefing.

be allowed his or her day in court." Tr. of Mot. Hr'g at 6. Second, the court took note of the fact that default judgments are regarded with disfavor by stating "our appellate courts have directed trial courts to attempt to get the issues resolved based on the substantive facts as opposed to any legal traps or time limits." *Id.* at 4. In addition, the circuit court correctly considered the fact that Bowling had taken prompt action in opposing the motion for default judgment, and, thus, seeking relief, by stating that "[h]ere the defendant is ready to answer today." *Id.* at 3. Bowling filed an answer two days after Shirk moved for default judgment, was prepared to defend against Shirk's complaint, and filed a brief, with supporting affidavits, opposing the motion for default judgment.

¶ 23.  In addition to establishing excusable neglect, Bowling satisfied the other requirement to succeed on a motion to vacate a default judgment, the existence of a meritorious defense. To meet this requirement, Bowling needed to establish a defense "good-at-law," that is, a defense that would survive a motion for judgment on the pleadings. *J.L. Phillips*, 217 Wis. 2d at 359–60. Bowling apparently had such a defense. The circuit court, after denying Shirk's motion for default judgment, granted summary judgment in favor of Bowling. Given that the circuit court found that Bowling's defense entitled it to summary judgment, then this defense was also good enough to survive a motion for judgment on the pleadings.

### III

¶ 24.  In summary, we conclude that the circuit court did not erroneously exercise its discretion by denying Shirk's motion for default judgment. The cir-

cuit court properly concluded that it could deny Shirk's motion based on the preemptive use of Wis. Stat. § 806.07(1). In addition, we conclude that Bowling established excusable neglect due to the confusion created by the interplay between the summons and the notice of service. We further conclude that Bowling established the existence of a meritorious defense. Accordingly, we reverse the decision of the court of appeals and remand this case to it for consideration of the other issues raised there but not before us.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the court of appeals.