PER CURIAM.
¶1 This is another in a series of pro se postconviction motions filed by Ronnel Fitzgerald. His latest motion claims the circuit court's rationale for an accomplice's sentence is a new factor warranting modification of Fitzgerald's sentence.[1] We affirm the court's conclusion that nothing new has been presented and Fitzgerald's claim is procedurally barred because he could have raised it in any of his many prior postconviction motions. Accordingly, we affirm.
BACKGROUND
¶2 Fitzgerald is serving a sixty-year prison sentence for felony murder during the course of an armed robbery, as a habitual criminal.[2] Surveillance cameras clearly showed Fitzgerald and his accomplices committing the crimes. Fitzgerald pleaded guilty and, as part of the plea agreement, agreed to testify against accomplice, Jerry Meeks. The circuit court accepted Fitzgerald's plea but it did not set a date for sentencing, because Fitzgerald could not be sentenced until after Meeks' trial. While awaiting sentencing, Fitzgerald sought to withdraw his plea. The court denied the motion following a hearing. In the meantime, another accomplice, Zachary Hayes, was convicted for his involvement in the murder and received the maximum of seventy years' incarceration. Another accomplice, Little Roosevelt Bowen, was sentenced to twenty years' incarceration.
¶3 Hayes sent Fitzgerald a letter from prison containing some allegedly exculpatory information, and Fitzgerald moved the circuit court to reconsider his motion to withdraw his plea. After another hearing at which Hayes testified, the court denied the motion. The court then proceeded to Fitzgerald's sentencing. The court began its sentencing decision by stating that it remembered Hayes's sentencing because Hayes's family had been there, and that it knew Fitzgerald's mother felt bad about losing her son to prison. The court further stated, however, that as bad as Fitzgerald's mother felt about losing her son to prison, it could never compare to the family of the store owner who was shot and killed during the armed robbery.
¶4 Fitzgerald's direct appeal challenged the circuit court's denial of his motions for presentence plea withdrawal and reconsideration. We determined the court had properly exercised its discretion and affirmed. Our supreme court denied review.
¶5 Seven years later, Fitzgerald filed a WIS. STAT. § 974.06 (2017-18)[3] motion, once again raising the claims raised on his direct appeal. A few days later, Fitzgerald filed another motion claiming he received ineffective assistance of counsel regarding discovery. The circuit court rejected his claims, and we affirmed on appeal.
¶6 Several years later, Fitzgerald filed another WIS. STAT. § 974.06 motion. He claimed the transcript from Hayes's sentencing-which Fitzgerald had requested at the time of his first § 974.06 motion-was newly discovered evidence warranting a new trial. He also claimed his trial counsel was ineffective for failing to seek out Hayes's sentencing transcript and utilize it to correct findings of fact the circuit court made when assessing Hayes's credibility during Fitzgerald's presentence plea withdrawal hearing. The court concluded the motion was barred by State v. Escalona-Naranjo , 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Fitzgerald again appealed, and we affirmed.
¶7 Fitzgerald subsequently filed the motion for sentence modification at issue in the present appeal. This time, Fitzgerald contended the circuit court's "articulated reasoning" behind Hayes's sentence was a new factor because Fitzgerald did not know about it at his sentencing, and the court "overlooked" it. Fitzgerald claimed that although his sixty-year sentence was comparable to Hayes's seventy-year sentence, Fitzgerald was not similarly situated to Hayes because Hayes had a violent criminal history. According to Fitzgerald, Hayes's sentencing transcript constituted a new factor because the court "never gave a reasoned explanation as to why [Fitzgerald] deserved a sentence that entailed 40 years more than Bowen or 10 years less than Hayes." The court denied the motion as barred by Escalona-Naranjo . Fitzgerald then filed a motion for reconsideration, which was also denied. Fitzgerald now appeals.
DISCUSSION
¶8 A defendant is required to raise all grounds for relief in an initial postconviction motion or on direct appeal. See Escalona-Naranjo , 185 Wis. 2d at 184-85. Convicted defendants are not entitled to pursue an endless succession of postconviction motions. Id. WISCONSIN STAT. § 974.06 also acts to bar a defendant from raising in a successive postconviction motion any claim that could have been raised on direct appeal or in an initial postconviction motion, unless a sufficient reason for not doing so is provided. Escalona-Naranjo , 185 Wis. 2d at 185. A defendant who fails to raise claims in the initial motion has the burden to show a sufficient reason for having failed to do so. Id. at 184.
¶9 Fitzgerald argues the motion at issue "should not be denied by Escalona, and should not be considered a motion under [ WIS. STAT. ] § 974.06." Fitzgerald claims he labeled his motion as a motion for sentence modification, and he "clearly states in his motion that he has a new factor, this new factor is Zachary Hayes' criminal history, which was highly relevant to the imposition of his sentence." However, we look beyond the label affixed by the prisoner to a pleading and treat the matter "as if the right procedural tool was used." State ex rel. McMillian v. Dickey , 132 Wis. 2d 266, 279, 392 N.W.2d 453 (Ct. App. 1986), overruled on other grounds by State ex rel. Coleman v. McCaughtry , 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900.
¶10 Here, Fitzgerald's claims are either barred by Escalona-Naranjo or they are untimely. Fitzgerald argues that the circuit court never explained why he deserved more prison time than one accomplice and less than another accomplice who had the same participation in the crime as he did. This is merely an argument that the court erroneously exercised its sentencing discretion. Arguments that a circuit court erred at sentencing that do not raise constitutional issues cannot be brought under § 974.06. See State ex rel. Warren v. County Court of Shawano-Menominee Cty. , 54 Wis. 2d 613, 617, 197 N.W.2d 1 (1972). Fitzgerald's argument that the circuit court erred by failing to consider how his participation in the crime compared to his accomplices had to be raised on direct appeal or within ninety days of sentencing pursuant to WIS. STAT. § 973.19(1). Hayes was sentenced on May 7, 1999. Hayes's sentencing transcript was available for over a year before Fitzgerald's direct appeal. Fitzgerald did not request Hayes's transcript until 2009, and he did not file the motion underlying the present appeal until 2017. He has failed to adequately explain why it took him over a decade to request Hayes's transcript or why he could not have raised this argument within the statutory time limits. Consequently, Fitzgerald is precluded from pursuing it now.
¶11 Even if Fitzgerald's argument concerning the alleged omission of Hayes's sentencing transcript could somehow be construed as raising an equal protection claim, it would be a constitutional issue that had to be raised on direct appeal or under WIS. STAT. § 974.06. Fitzgerald should have pursued his claims during his earlier direct appeal or with his prior § 974.06 motions. He fails to show a sufficient reason for failing to do so. Because Fitzgerald has failed to satisfy his burden to provide a sufficient reason for failing to raise his claims in any of his earlier motions, they are procedurally barred.
¶12 In any event, Fitzgerald's claim fails on its merits. To prevail, Fitzgerald would need to demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence. See State v. Harbor , 2011 WI 28, ¶¶36-38, 333 Wis. 2d 53, 797 N.W.2d 828. A new factor is a set of facts highly relevant to the imposition of sentence, but not known to the circuit court at the time of the original sentencing, either because it was not then in existence or because it was unknowingly overlooked by all of the parties. Id. , ¶40. New factors must be proved by clear and convincing evidence. State v. Franklin , 148 Wis. 2d 1, 8-9, 434 N.W.2d 609 (1989).
¶13 Fitzgerald seems to believe that all that matters is whether Hayes's criminal history was overlooked, but he omits a crucial component of the test. Hayes and Bowen were sentenced by the same court that sentenced Fitzgerald. It strains credulity to claim that the court that sentenced two of Fitzgerald's accomplices before sentencing Fitzgerald did not recall those sentences imposed on Fitzgerald's accomplices or know why it imposed those sentences. In fact, at the outset of Fitzgerald's sentencing, the court stated, "I was going to say that I remember the sentencing of Mr. Hayes because the family was here and because that was the day on which I watched [the surveillance tape of the crime]." Also, at the plea withdrawal hearing immediately before Fitzgerald was sentenced, Hayes testified about how the crime unfolded and each person's respective role in it. The sentences of Fitzgerald's co-defendants were not unknowingly overlooked by the court and do not present a new factor entitling him to resentencing.
¶14 The sentences Fitzgerald's accomplices received do not meet the new factor test simply because Fitzgerald belatedly advances an argument now. A mere disparity between the sentences of co-defendants is not improper if the individual sentences are based upon individualized considerations, including individual culpability and the need for rehabilitation. See State v. Toliver , 187 Wis. 2d 346, 362, 523 N.W.2d 113 (Ct. App. 1994). Here, the circuit court based Fitzgerald's sentence on proper sentencing factors and expressed no desire for parity between the perpetrators. Fitzgerald failed to present clear and convincing evidence of a new factor. Fitzgerald was not entitled to relief, and the court properly exercised its discretion by denying his motion without a hearing. See State v. Bentley , 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996).
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Fitzgerald uses the phrase "abused its discretion." We have not used the phrase "abuse of discretion" since 1992, when our supreme court replaced the phrase with "erroneous exercise of discretion." See Shirk v. Bowling , 2001 WI 36, ¶9 n.6, 242 Wis. 2d 153, 624 N.W.2d 375.

Because Fitzgerald's crime was committed before December 31, 1999, he was subject to the indeterminate sentencing scheme in place before Wisconsin enacted bifurcated sentencing. See Wis. Stat. §§ 973.01(1), 973.013 (1997-98).

References to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.