COURT OF APPEALS
DECISION
DATED AND FILED

May 25, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1314**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV517

IN COURT OF APPEALS
DISTRICT III

SCOTT SCHMIDT AND CHERYL SCHMIDT,

   PLAINTIFFS-RESPONDENTS,

 V.

TAMIKA WILSON AND ROBERT L. ELLIOTT,

   DEFENDANTS-APPELLANTS.

        APPEAL from a judgment of the circuit court for Eau Claire County:  SARAH MAE HARLESS, Judge.  *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Tamika Wilson and Robert Elliott (collectively "Wilson"), pro se, appeal from a judgment of foreclosure on a land contract. We affirm.

## BACKGROUND

¶2    On October 4, 2017, Wilson entered into a land contract with Scott and Cheryl Schmidt for the purchase of real property in Eau Claire with a purchase price of $359,900. The land contract required a $2,000 payment at execution, $2,000 monthly payments thereafter, interest accrued at six percent annually, and that the entire balance due under the contract was to be paid in full by no later than October 1, 2018. Full payment was not timely made, and Wilson also failed to pay the real estate taxes as required by the contract.

¶3    The Schmidts commenced the present foreclosure action. The following day, the Schmidts sought a temporary injunction preventing Wilson from entering the property. At the injunction hearing, the circuit court found that Wilson had abandoned the property after approximately six months, and that the electricity had been shut off for nonpayment. The court also found that when the Schmidts accessed the property, they found damage to the property. Three toilets were full to the brim with human waste, with the smell being described as horrendous. Furniture was also broken and abandoned, and debris was left on the premises. Approximately ten fist holes were found punched into the drywall. All of this constituted a default of the land contract provisions, which provided that Wilson "shall not commit waste nor allow waste to be committed on the Property, keep the Property in good tenantable condition and repair …."

¶4    The circuit court granted the temporary injunction and dismissed a subsequent motion for reconsideration. In response to Wilson's complaints that

the notice of hearing for the injunction did not specify that it was an evidentiary hearing and that Cheryl Schmidt was allowed to testify without notice, the court invited Wilson's attorney to bring a motion to vacate the temporary injunction and present additional testimony or other evidence, but he did not do so. Wilson also sought to dismiss the foreclosure action, which was denied.

¶5 The Schmidts then sought summary judgment on the foreclosure. Following a hearing, the circuit court found the legal requirements for a real estate conveyance had been met under WIS. STAT. § 706.02 (2019-20).[1] The court also determined that Wilson was in default on the land contract, and it entered a judgment setting forth the amount due on the land contract. The court provided a fourteen-day redemption period by which Wilson was to pay the full amount due or the right, title and interest in the property would be confirmed to the Schmidts.[2] Wilson now appeals.

## DISCUSSION

¶6 Wilson argues the circuit court erroneously exercised its discretion in granting injunctive relief to the Schmidts, which forbade Wilson from entering the property.[3] Because we conclude, as discussed below, that the court properly granted summary judgment in favor of the Schmidts on the merits of the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Apparently, the redemption period has long passed, and Wilson did not obtain a stay pending her appeal of the circuit court's order.

[3] Wilson uses the phrase "abuse of discretion." In 1992, our supreme court replaced the phrase "abuse of discretion" with the phrase "erroneous exercise of discretion." *See Shirk v. Bowling, Inc.*, 2001 WI 36, ¶9 n.6, 242 Wis. 2d 153, 624 N.W.2d 375.

foreclosure action, the injunction issue is moot, as it will have no practical effect on an existing controversy. *See PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. In this regard, we note that Wilson failed to file a reply brief in this court, and therefore she did not attempt to address the Schmidts' argument regarding mootness. Arguments not refuted are deemed admitted. *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

¶7    Regarding the merits of the foreclosure action, Wilson frames the issue as an erroneous denial of her motion to dismiss the foreclosure action for failure to state a claim upon which relief may be granted, under WIS. STAT. § 802.06. Wilson's arguments, however, essentially cover that decision as well as the circuit court's later grant of summary judgment.

¶8    Wilson argued in the circuit court that the dismissal of a prior foreclosure action filed by the Schmidts for lack of proper service of process mandated dismissal of the present case. In the previous action, a motion to vacate a judgment of foreclosure was granted because the Schmidts were unable to obtain personal service upon Wilson. The Schmidts attempted service by publication, but they incorrectly published the original summons, not a publication summons. The court had entered a default judgment of foreclosure, but it granted Wilson's motion to vacate the judgment because the Schmidts had failed to invoke the court's jurisdiction. The case was dismissed without prejudice, which resulted in the Schmidts commencing the present foreclosure action.

¶9    As part of the motion to dismiss in the present case, Wilson argued that because a judgment had been entered in the prior case, the Schmidts were precluded from commencing the present case by the doctrine of claim preclusion.

Timely service of process was never obtained in the prior foreclosure action, however, and the prior judgment was thus void as a matter of law. A judgment that is void is of no legal effect as a judgment. *Neylan v. Vorwald*, 124 Wis. 2d 85, 99, 368 N.W.2d 648 (1985). Accordingly, the void judgment was a legal nullity, and it cannot provide the basis for an argument for claim preclusion as there was no action pending prior to or at the time the present foreclosure action was commenced, and no final judgment on the merits. *See Kruckenberg v. Harvey*, 2005 WI 43, ¶21, 279 Wis. 2d 520, 694 N.W.2d 879.

¶10    We also note that, on appeal, Wilson fails to adequately develop her claim preclusion argument, and we will not abandon our neutrality to develop arguments for her. *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988). In any event, it is inconsistent to argue that the prior foreclosure action had not been commenced due to insufficient service, but yet it was "operative" so as to mandate dismissal of the present case because of the preclusive effect of the prior judgment. Such a change of position would be prohibited by judicial estoppel, which is used to prevent litigants from playing fast and loose with the judicial system by taking inconsistent positions during litigation. *See State v. Petty*, 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996).

¶11    Whether to invoke judicial estoppel is within the discretion of the circuit court. *State v. Fleming*, 181 Wis. 2d 546, 558, 510 N.W.2d 837 (Ct. App. 1993). Here, we conclude the court properly exercised its discretion by invoking judicial estoppel. The court reasoned:

> Regarding the motion to dismiss, this is also a first for me, seeing a motion to dismiss based on a prior case that was never commenced. I mean, there was never service, it was not commenced, it's a void judgment, which means it has no—it's—it's not a case, it has just no anything under the law, and so I—I can't see how—how a void judgment

5

could possibly be a basis for a motion to dismiss. In addition, it was [Wilson] who argued that that motion [sic] was never commenced, that it was void, so to now argue that it somehow has legal effect is frankly confusing and also would give rise to judicial estoppel. So for those reasons, I am also denying the motion to dismiss.

¶12    Wilson also argues that the Schmidts' claims are non-justiciable. First, Wilson contends the Schmidts have no interest recognizable by law because they seek to enforce an unenforceable land contract. The land contract is unenforceable, according to Wilson, because it was improperly acknowledged by a notary whose commission had expired, without all parties being involved.[4] In this regard, Wilson asserts fraud in the inducement, which rendered the land contract voidable. Wilson further contends that these "deficiencies in the land contract have resulted in the appellants not [being able] to register the property with the county [register of] deed[s]."

¶13    It is untenable for Wilson to argue that the land contract is unenforceable because it was acknowledged by a notary whose commission had expired. WISCONSIN STAT. § 706.02 requires that a real estate conveyance contain five basic elements. As the circuit court recognized, there is no dispute that the land contract identified the parties, identified the land, identified the interest being conveyed, was signed by the parties, and was delivered—thus satisfying the five requirements of § 706.02. There is no requirement that the signatures be notarized in order for a land contract to evidence a valid conveyance of real estate as between the parties themselves. That the notary's commission may have expired

---

[4] Wilson's argument regarding "without all parties being involved" is undeveloped, and we shall not further address it. See *M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

does not affect the fact that the requirements of § 706.02 were met and a valid conveyance occurred.

¶14    Moreover, the fact that the land contract was not recorded—or was not in a form that could be recorded—does not raise a genuine issue of material fact. By the terms of the land contract itself, when the balance was paid in full and the land contract otherwise fully satisfied, there was to be a warranty deed issued by the Schmidts to Wilson. It is that document that would need to comply with WIS. STAT. § 706.05, such that it could be recorded with the register of deeds, giving public notice of the transaction. There was no requirement to record the land contract itself.

¶15    Still, Wilson has a bigger problem in the present case. If we could somehow assume the land contract was unenforceable, Wilson would then have no rights in relation to the property whatsoever. There is no other contract or document upon which Wilson has based a claim to possess the property, or that dispossesses the Schmidts. Wilson's argument that the land contract is invalid eviscerates any factual or legal basis on which any claim to the property could be made. The circuit court's judgment could be affirmed on that basis alone. *See Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

7