**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 2, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP2185**

Cir. Ct. No.  **2016CV872**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

HARRY B. MAINS,

   PLAINTIFF-RESPONDENT,

 V.

RUSS DARROW GROUP, INC. AND
RUSS DARROW LEASING CO., INC.,

   DEFENDANTS-APPELLANTS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Russ Darrow Group, Inc. and Russ Darrow Leasing Co., Inc. (collectively, "the Darrow Companies") appeal an order denying their motion seeking sanctions against Harry B. Mains and his attorney for commencing a frivolous action.  The Darrow Companies argue the "[d]enial of sanctions by the circuit court was a coverup of conduct that violated the sanction statutes by ignoring the law of the case doctrine and the rule of issue preclusion, and an abuse of discretion because of the circuit court's erroneous view of the law and evidence."[1]  We conclude the circuit court appropriately exercised its discretion and affirm.

## BACKGROUND[2]

¶2      This case arises out of the termination of Mains's employment with the Darrow Companies.  In the aftermath of his termination, Mains filed the present lawsuit advancing five causes of action.  Four of the claims—including Mains's primary claim for breach of contract—were dismissed on summary judgment following extensive discovery.[3]  A fifth claim proceeded for further discovery, but was ultimately also dismissed.  The Darrow Companies then filed a

---

[1] Our supreme court abandoned the phrase "abuse of discretion" in 1992, replacing it with the phrase "erroneous exercise of discretion."  *See, e.g.*, ***Shirk v. Bowling, Inc.***, 2001 WI 36, ¶9 n.6, 242 Wis. 2d 153, 624 N.W.2d 375.

[2] Many of the background facts are set forth in our prior opinion and will not be restated here.  Additionally, further facts are included in the discussion section of this opinion.

[3] The Hon. Kathryn W. Foster presided over the case through the initial summary judgment proceedings.

motion for sanctions and damages pursuant to WIS. STAT. §§ 802.05 and 895.044 (2021-22).[4]

¶3      In a prior appeal, we determined that the Darrow Companies' motion for sanctions was timely filed.  *See* ***Mains v. Russ Darrow Group, Inc.***, No. 2019AP870, unpublished slip op. (WI App Aug. 12, 2020) (hereinafter ***Darrow I***).  We therefore held that, because Mains did not withdraw the action within twenty-one days after service of the motion, the Darrow Companies are

> entitled ("shall") to actual costs and attorney fees pursuant to § 895.044(2)(b) if the [circuit] court finds upon remand that the action was "commenced, used, or continued in bad faith, solely for purposes of harassing or maliciously injuring another" or Mains or his counsel "knew, or should have known, that the action … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law."  Sec. 895.044(1)(a)-(b).

*Darrow I*, ¶20.

¶4      On remand, the circuit court entertained briefing and argument on the motion for sanctions, which was directed at both Mains and his attorney, Robert Corris.  The court also held an evidentiary hearing at which Corris gave extensive testimony.  The court concluded that Corris had a reasonable basis in the law and facts for the claims he advanced on Mains's behalf.  Or, as the circuit court artfully put it, the "ice" on which Mains and Corris chose to walk was

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.  While WIS. STAT. § 802.05 has been amended since the Darrow Companies' motion, the amendments relate to e-filing and do not affect the substantive legal standard.  Accordingly, we apply the most recent version of the statute.

sufficient "to perhaps not get across the lake but certainly to hold [them] from falling into it." The Darrow Companies now appeal.

## DISCUSSION

¶5 In the present procedural posture, this case is fairly straightforward.[5] Though the Darrow Companies' brief-in-chief argues for a wholesale de novo standard of review, given their arguments it appears a more deferential standard of review governs the appeal. "We apply two different standards of review to allegations that a lawsuit is frivolous: one for determining whether actions are *commenced* frivolously and a second for determining whether actions are *continued* frivolously." **Keller v. Patterson**, 2012 WI App 78, ¶21, 343 Wis. 2d 569, 819 N.W.2d 841. Regardless of which standard of review applies, all doubts regarding whether a claim is frivolous are resolved in favor of the party or attorney whom it is claimed commenced or continued a frivolous action. **Id.**, ¶22.

¶6 As we understand their briefing, the Darrow Companies primarily argue that Mains's claims lacked any evidentiary or legal basis, and the absence of any factual or legal predicate was known to Corris prior to the time he filed suit on Mains's behalf. This appears to be an assertion that the action was commenced frivolously—a matter we review deferentially for an erroneous exercise of discretion. *See id.*, ¶21; *see also* **Jandrt ex rel. Brueggeman v. Jerome Foods,**

---

[5] As such, it is not necessary that we get tangled in the weeds by responding in detailed fashion to each assertion of error the Darrow Companies make in their briefs. Suffice it to say that we have reviewed the appellate record and the briefs, and to the extent we do not explicitly address any one of the many arguments, sub-issues, or rhetorical questions the Darrow Companies present, we reject it. *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

*Inc.*, 227 Wis. 2d 531, 548, 597 N.W.2d 744 (1999).[6] We will affirm the circuit court's discretionary decisions as long as the court examined the relevant facts, applied the proper legal standard, and used a demonstrated rational process to reach a reasonable conclusion. *Keller*, 343 Wis. 2d 569, ¶21.

¶7      The circuit court here thoroughly analyzed the facts that gave rise to the lawsuit, remarking that they were "convoluted through a number of contacts and activities between the people, the parties involved." Specifically, Mains and representatives from the Darrow Companies were negotiating a marital settlement agreement involving Mains's divorce from the daughter of Russ Darrow, the Darrow Companies' principal shareholder, at the same time they were discussing the matter of Mains's continued employment. The circuit court recognized that the nature of the parties' relationships "add[ed] a unique twist to the situation," in which Mains's employment was "intermixed and tied into the divorce settlement." In the court's view, Mains "realized that because of his … employment situation with the marriage that, at the time of the divorce, it's likely that he would be let go from the dealership. And he was trying to cover that situation and these various negotiations."

¶8      In response to the foregoing, the Darrow Companies argue the circuit court erred when it viewed the divorce and Mains's employment as interrelated issues. There was ample evidence to support the court's view, which Corris described in his affidavit filed in opposition to the Darrow Companies' motion for sanctions. In addition, emails attached to the complaint demonstrated

___

[6] Notably, the Darrow Companies' reply brief appears to concede that the more deferential standard applies, in contrast to their brief-in-chief.

5

that negotiations regarding the divorce settlement were occurring at the same time as negotiations on an employment agreement.

¶9 At the time he filed suit, Corris knew what his client had told him: that when the Darrow Companies announced a pay cut for him in January 2016—approximately one month after the marital settlement agreement had been executed—"they broke promises that had been made by Russ and Mike Darrow that his pay would not be changed, that they had told him that they had been told by their attorney not to give him a written employment agreement, but that he could trust them to honor their agreement."

¶10 The circuit court observed that there were "a lot of communications between the parties," some of which corroborated Mains's statements to his attorney. In particular, the court highlighted several emails from May 2015, in particular an email from Mike Darrow that referenced certain terms of employment, including "employment and benefits 'as currently is' with no changes to pay." At an August 2015 meeting with Mains, Russ Darrow sought to "clarify" the employment matter, saying he preferred the nomenclature "employment 'agreement'" rather than "employment 'contract.'" During that meeting, Russ and Mike Darrow disclaimed any intention to cut Mains's pay.

¶11 In denying sanctions, the circuit court recognized there was no written employment agreement, observing "[t]here was [only] a verbal agreement, if there was any." As a result, the court regarded the central question to be whether there was any colorable argument that an oral employment contract for a

term of years—as the parties had plainly discussed—could escape the clutches of the statute of frauds.[7] The court concluded:

> In looking at those e-mails, looking at the marital settlement agreement that was actually entered into and signed by the parties, I'm satisfied that there was documentation that arguably would lead an experienced attorney to believe that he had a case to proceed, that he had a contract or an enforceable agreement with the Darrows on behalf of Harry Mains. That one aspect of the case that has somewhat always … been intriguing is the Darrows' position is that they don't want a contract, they want an agreement.
>
> …. I've never known what the difference is, frankly, between an agreement and a contract. People use those terms interchangeably. Another aspect of the case is whether the Darrows had decided at an early point to terminate Mr. Mains regardless of what happened, and they were looking to put him into a situation where that would happen. That's not really part of this motion, but it's certainly an underlying flavor in the case.
>
> But in looking at the statute [of frauds] in a way that[] … resolv[es] any doubts that may exist in favor of the advocate, I'm satisfied that a zealous advocate would have an opportunity to proceed and test what he had, and if necessary, take it to court. That doesn't mean that he prevails on summary judgment, but it does mean that he had a reasonable opportunity to prevail and that he would have a chance to do that.

¶12    To demonstrate that the circuit court's rationale was inadequate, the Darrow Companies primarily rely on Judge Foster's comments and reasoning when granting their motion for summary judgment. But an action is not frivolous merely because it did not survive summary judgment. ***Stern v. Thompson &***

---

[7] The statute of frauds, WIS. STAT. § 241.02(1)(a), generally provides that an agreement that by its terms is not to be performed within one year from its making is void "unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith."

*Coates, Ltd.*, 185 Wis. 2d 220, 244 n.9, 517 N.W.2d 658. "The question is not whether a party can or will prevail, but rather is that party's position so indefensible that it is frivolous and should that party or its attorney have known it." *Sommer v. Carr*, 99 Wis. 2d 789, 797, 299 N.W.2d 856 (1981). Contrary to the Darrow Companies' contention, mere reference to the circuit court's summary judgment reasoning addressing the burden of production does not answer the latter question.

¶13 The Darrow Companies provide scant other reasons to conclude the circuit court erroneously exercised its discretion when it held that the action was not frivolously commenced. In fact, although they acknowledge that "Judge Foster did not decide the issue of frivolity," they argue in the very same paragraph that "her underlying findings and legal analysis are definitive and conclusive under the law of the case doctrine and point to only one deduction in deciding sanctions—the case was frivolous."[8] They similarly argue Judge Foster's "determinations of issues of fact and law" establish issue preclusion.

¶14 These arguments prompted the circuit court to remark that although the Darrow Companies "say they don't base [their motion for sanctions] on the summary judgment motion, in essence, they actually do." The court accurately observed that even though "summary judgment was granted against Harry Mains[, it] doesn't mean that the claim was frivolous and that he didn't have a chance to prevail." The court's analysis reflects a thorough consideration of the record (which included testimony from Corris specifically on the sanctions issue),

---

[8] We note that a circuit court does not find facts when resolving a summary judgment motion. *See* *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 515-16, 383 N.W.2d 916 (Ct. App. 1986).

application of the correct legal standard, and reasoned and reasonable decisionmaking. *See **Keller***, 343 Wis. 2d 569, ¶23 (upholding a similar exercise of discretion on the issue of frivolousness).

¶15 Having concluded that the circuit court appropriately exercised its discretion when it determined that the action was not commenced frivolously, the Darrow Companies' briefing makes it unnecessary to reach the issue of whether the action was continued frivolously. Indeed, the Darrow Companies appear to have eschewed the latter argument on appeal, asserting that "[t]he focus is on what the Plaintiff and his attorney knew when they filed the lawsuit on May 10, 2016, and not what Mains and Corris argued to the court by rummaging through prior irrelevant negotiations for bits and pieces of communication."

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.